A. T. AND B. F. McDONOUGH v. JEFFERSON COUNTY ET AL.

No. 3013.

1. **Deed as Basis for Limitation of Five Years.**—The fact that his wife held the title to the land did not prevent the husband or any other person without any title making a deed for it which would become a basis for title under the five years statute of limitations.

2. **Want of Description in Deed Recorded.**—The fact that a deed contained no description of the land except by reference to another deed, itself not upon record, is such a defect as to prevent the acquisition of title by limitation under such deed.

3. **Assertions of Ownership.**—A husband by deed conveyed land. His declarations asserting that he had bought and paid for the land at a sheriff sale were relevant to show an equitable title to the land. The deed by the sheriff was to another, who deeded it to the wife, whose children sued for it as her heirs against parties in possession under the husband's deed.

4. **Quitclaim Deed as Basis for Limitation of Five Years.** — In this case a quitclaim was held a legal basis for adverse possession, etc., giving title under the statute of limitations of five years.

5. **Payment of Taxes may be Proved by Parol.**—Parol testimony to payment of taxes is competent. It is not necessary to produce the tax receipts.

APPEAL from Jefferson. Tried below before Hon. W. H. Ford.

This is an action of trespass to try title to 111 acres of land, out of the Absalom Williams survey, in Jefferson County, Texas, brought by the appellants against the appellees on the 4th day of April, 1890. Appellants sue as the only surviving heirs of their deceased parent, Adalissa McDonough. The appellees all answered separately, (1) by a disclaimer as to part of the land, (2) general demurrer (which was waived), (3) general denial, and (4) the statutes of limitation of three, five, and ten years. Jefferson County, on 16th of May, 1890, answered by plea of not guilty and general denial.

On the 22d day of November, 1890, the appellants, in order to avoid the various pleas of limitations set up by each of the defendants, except Jefferson County, filed their first supplemental petition, which contained general demurrer, general denial, and specially that prior to the 12th of October, 1886, the land sued for was the separate property of Mrs. Adalissa McDonough, the mother of plaintiffs; that on said date Adalissa McDonough departed this life, and that a few months thereafter B. F. McDonough, the father of these plaintiffs, died; that prior to the death of Adalissa McDonough she and B. F. McDonough had been married and lived together as man and wife for more than twenty years.

On the 2d day of December, 1890, the cause was tried and resulted in a judgment by the court, without a jury, in favor of all the defendants except Jefferson County on "their pleas of limitations." The plaintiffs appealed.

*Greer & Greer*, for appellants.—1. The deed from B. F. McDonough

to William Allison is void for want of description of the land sought to be conveyed. Donnebaum v. Tinsley, 54 Texas, 362; Douthit v. Robertson, 55 Texas, 69; Brown v. Chambers, 63 Texas, 131; Murphy v. Welder, 58 Texas, 235; Brokel v. McKechnie, 69 Texas, 32; Kilpatrick v. Sisneros, 23 Texas, 136.

2. A deed void for want of description will not support the statute of limitations of five years. Parker v. Bains, 59 Texas, 15; Wofford v. McKinna, 23 Texas, 36; Kilpatrick v. Sisneros, 23 Texas, 113; Flanagan v. Boggess, 46 Texas, 330; Cantagrel v. Von Lupin, 58 Texas, 570; Murphy v. Welder, 58 Texas., 235; Brokel v. McKechnie, 69 Texas, 32; Stock Co. v. Kaiser, 66 Texas, 352.

3. Oral testimony as to who is the grantee in a sheriff's deed is inadmissible when it contradicts the recitals of the deed. This would be passing title by parol. Brokel v. McKechnie, 69 Texas, 32; Rev. Stats., art. 2464; Van Hook v. Simmons, 25 Texas Supp., 323; Thomas v. Groesbeck, 40 Texas, 530; Cheveral v. McCormick, 58 Texas, 440; Bombarger v. Morrow, 61 Texas, 417; Rogan v. Williams & Co., 63 Texas, 123; Adams v. Hayden, 60 Texas, 223.

4. The court erred in permitting defendants to read in evidence a deed from William Allison to Daniel Lewis, acknowledged for record July 22, 1875, in that the same is a quitclaim deed, in that it does not convey the land itself, but only the right, title, and interest of the grantor therein, and therein is not such a deed as will support the statute of limitations of five years, and on its face casts suspicion upon the title to the land which it purports to convey.

The statutes of Texas distinguish a deed to land and a conveyance of an interest in land. A conveyance is an instrument in writing transferring the right, title, and interest from one person to another, whilst a deed is an instrument which does and must convey the land itself. A deed has all the constituent elements of a conveyance, coupled with the further fact that it transfers the land itself. A deed, within the meaning of article 3193 of the statutes, is an instrument in writing which transfers not only the right, title, and interest of the grantor, but the land it describes. The conveyance from William Allison to Daniel Lewis is not such a deed as is contemplated in said article, and will not support the plea of five years limitations. Sayles' Civ. Stats., arts. 554, 4331, 4333, 4334, 3193; 5 Laws. Rights and Rem., p. 3786, and cases cited; Richardson v. Levi, 67 Texas, 359; Harrison v. Boring, 44 Texas, 255; Rensselaer v. Kearney, 11 How., 322; Acklin v. Paschal, 48 Texas, 147; Mitchell v. Burdett, 22 Texas, 633; Stock Co. v. Kaiser, 66 Texas, 352; Holmes v. Johns, 56 Texas, 41; 2 Bouv. Law Dic., 404, 434; 1 Bouv. Law Dic., 444; Taylor v. Harrison, 47 Texas, 460; Rodgers v. Burchard, 34 Texas, 442; Fry v. Baker, 59 Texas, 404; Wofford v. McKinna, 23 Texas, 46; Winters v. Laird, 27 Texas, 616; Castro v. Wurzbach, 13 Texas, 128.

5. Pleas of limitations are to be strictly construed, the presumptions being against those claiming the benefit thereof, and every requirement of the statute must be clearly established by the evidence. Brokel v. McKechnie, 69 Texas, 32; Hunton v. Nichols, 55 Texas, 217; Porter v. Chronister, 58 Texas, 53; Murphy v. Welder, 58 Texas, 238; Brownson v. Scanlan, 59 Texas, 222; Adams v. Hayden, 60 Texas, 223; Whitehead v. Foley, 28 Texas, 288; Griffin v. Ford, 60 Texas, 501; Henderson v. Beaton, 1 Posey's U. C., 17.

6. The court erred in permitting Thomas H. Langham and others to testify as to the payment of taxes by the defendants, in that no effort was made to produce the tax receipts or other recorded evidence of such payments, and no amount of money was shown to have been paid for any particular year nor for any years. Taxes, like any other fact, must be proved by the best evidence that is attainable. Hardin v. Blackshear, 60 Texas, 132; Allen v. Woodson, 60 Texas, 651; Watson v. Hopkins, 27 Texas, 642; Ochoa v. Miller, 59 Texas, 462: Sorley v. Matlock, *ante*, 304.

*O'Brien & O'Brien,* for appellee Vestal.— 1. The trial below having been by the judge without a jury, his judgment being on his finding under the statute of limitations, and that being one of fact supported by evidence, is conclusive in this court. Beatty v. Whitaker, 23 Texas, 526; Smith v. Hughes, 23 Texas, 248; Melton v. Cobb, 21 Texas, 539; Clayton v. McKinnon, 54 Texas, 206; Lindsey v. Jaffray, 55 Texas, 626; Gilliard v. Chesney, 13 Texas, 337; Jordan v. Brophy, 41 Texas, 283; Mathis v. Oberthier, 50 Texas, 329; Stone v. Brown, 54 Texas, 330.

Limitations. Sayles' Civ. Stats., arts. 3193, 3196–3199, 3225; Cantagrel v. Von Lupin, 58 Texas, 570; Kelly v. Medlin, 26 Texas, 48; Watson v. Hopkins, 27 Texas, 637; Ochoa v. Miller, 59 Texas, 460; Allen v. Woodson, 60 Texas, 651; Porter v. Chronister, 58 Texas, 53; Medlin v. Wilkins, 60 Texas, 409; Adams v. Hayden, 60 Texas, 223; Jones v. Powers, 65 Texas, 207; Cook v. Dennis, 61 Texas, 246; Hunton v. Nichols, 55 Texas, 217; Murphy v. Welder, 58 Texas, 235; Kilpatrick v. Sisneros, 23 Texas, 113; Craig v. Cartwright, 65 Texas, 413; Spofford v. Bennett, 55 Texas, 293; Kimbro v. Hamilton, 28 Texas, 560; Terrell v. Martin, 64 Texas, 121; Parish v. Alston, 65 Texas, 194.

2. Although the deed was made by the sheriff to J. W. McDonough, and was intended so to be made, it was permissible to engraft a trust thereon, and show that the superior equitable title was in B. F. McDonough by showing by parol that he had in fact paid the purchase money and had the deed made to J. W. McDonough, as the circumstances of this case tend to show. Neil v. Keese, 5 Texas, 23; McCoy v. Crawford, 9 Texas, 355; Vandever v. Freeman, 20 Texas, 333; Johnson v. Deloney, 35 Texas, 42; Markham v. Carothers, 47 Texas, 21; Byrnes v. Morris, 53 Texas, 213; Simmons v. Dinsmore, 56 Texas, 404; Kennedy v. Baker,

59 Texas, 150; Parker v. Coop, 60 Texas, 111; Ross v. Kornrumpf, 64 Texas, 390; Dunham v. Chatham, 21 Texas, 241; May v. Taylor, 27 Texas, 125.

*Tom J. Russell,* for Daniel Lewis and Lottie Kirkland, appellees.—1. The law of limitation of five years confers title upon the holder under deeds duly registered, payment of taxes, and actual occupation, etc. Rev. Stats., arts. 3193, 3196–3199; Craig v. Cartwright, 65 Texas, 413. The possession of one tenant in common of the land enures to the benefit of the other. Alexander v. Kennedy, 19 Texas, 488; Portis v. Hill, 3 Texas, 273; Gilkey v. Peeler, 22 Texas, 663; Baily v. Trammell, 27 Texas, 317; Roberts v. Thorn, 25 Texas, 728.

2. The proof of the payment of the taxes on land may be made by any competent testimony; the man who pays it is competent to testify to that effect. The man who receives the taxes is competent to testify that he did receive it. The man who saw the money paid can testify to the same. The tax receipt is evidence of the payment of the taxes, but not the only evidence. Watson v. Hopkins, 27 Texas, 641; McAlpin v. Ziller, 17 Texas, 508; Muse v. Burns, 3 Ct. App. C. C., sec. 75.

HENRY, ASSOCIATE JUSTICE.— This was an action of trespass to try title.

The plaintiffs are the heirs of Adalissa McDonough, who was the wife of B. F. McDonough, and died in 1886 while under coverture. The land was sold under execution in the year 1868 as the property of Cave Johnson, and the sheriff's deed was made to J. W. McDonough, who conveyed it in 1881 to Adalissa McDonough. B. F. McDonough claimed to have been the real purchaser at the sheriff's sale, and that he paid the purchase money.

In 1870 B. F. McDonough conveyed the land to William Allison by a deed that only described the land by a reference to the sheriff's deed, which contained a full description of it, but which was not recorded until 1881. The deed to Allison was recorded in 1875.

William Allison conveyed the land to Daniel Lewis by a deed containing a full description of the land, which was duly recorded in the month of October, 1875.

Plaintiffs had judgment against Jefferson County.

The other defendants held under the deed to Daniel Lewis and pleaded the five years statute of limitation. They proved possession and payment of taxes for five consecutive years, and judgment was rendered in their favor.

Appellants assign the following error: "The plaintiffs having shown title in their mother as her separate property from the sovereignty of the soil, and then having proved their heirship from their said mother, Ada-

lissa McDonough, the court erred in permitting defendants to read in evidence a certain deed from B. F. McDonough, plaintiffs' father, in which their said mother did not join, dated May 18, 1870, the error consisting in this: 1. Said deed reciting on its face that the grantor purchased the land at sheriff's sale as the property of Cave Johnson, and referring to the sheriff's deed for description of the land, such recitals charged defendants with the duty of investigating such sheriff's sale, and their claim under said deed is inconsistent with good faith in their subsequent purchase thereof. 2. Said deed gave no metes and bounds and otherwise failed to identify the land, so as to make it a deed therefor duly registered as required by the statute of limitations of five years. And the court further erred in permitting G. W. O'Brien, Higgins, and others to testify, substantially, to the effect that B. F. McDonough, the grantor in said deed, claimed the land as his own and that he purchased it at sheriff's sale, in that the sheriff's deed, being a matter of public record, was the best evidence as to who purchased it, and could not be changed or varied by parol; and in that such claim by McDonough could not affect the legal title of Mrs. Adalissa McDonough as to her separate property in the land."

The fact that his wife held the title to the land did not prevent B. F. McDonough or any other person without any title to it making a deed for it which would become a basis for title under the five years statute of limitations. When the requirements of the law are fulfilled knowledge that the superior title is in another does not affect the right of the occupant of the land to acquire title under that statute.

The fact that the deed to Allison contained no description of the land except by reference to the sheriff's deed, which itself was not upon record, was such a defect as to prevent the acquisition of title by limitation under that deed.

There was no error in overruling the objections to the statements of B. F. McDonough to the effect that he was the real purchaser of the land at sheriff's sale, and that he paid the purchase money. The evidence was proper to show an equitable title in the land. If the evidence had been objected to on the ground that it was hearsay the objection should have been sustained.

Questions about the deed to Allison and about where either the legal or the equitable title was vested become altogether immaterial in view of the fact that the deed from Allison to Lewis is the one under which defendants held possession of and claimed the land.

That deed is in form a quitclaim deed, and it is contended that it is not for that reason a deed under which title can be acquired by limitation. We think that under the facts of this case the objection to its introduction as evidence was properly overruled.

There was no error committed in permitting the payment of taxes to be

proved by oral evidence over the objection that the tax receipts or record evidence should be produced, nor over the objection that the evidence was general and did not show the amount paid for any particular year.

The judgment is affirmed.

*Affirmed.*

Delivered February 10, 1891.