CLIFTON et al. v. CREASON et al.†

(Court of Civil Appeals of Texas. Amarillo. Jan. 12, 1912. Rehearing Denied Feb. 23, 1912.)

1. ADVERSE POSSESSION (§ 80*) — COLOR OF TITLE—SUFFICIENCY OF DESCRIPTION.

A deed conveying grantor's undivided interest in certain numbered surveys, and reciting that the land was the same as that conveyed by K. to T., sufficiently described the land conveyed, so as to support a claim under the five-year limitation, where there were no other surveys of the same number in the county, and the deed from K. to T. was then on record and fully described the surveys.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 463–467; Dec. Dig. § 80.*]

2. DEEDS (§ 114*)—COLOR OF TITLE.

Where grantor only had an undivided interest of 61 acres when he conveyed his "entire interest" in a certain survey, the deed would support a claim by the grantee under the five-year limitation to only 61 acres thereof.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 682–690; Dec. Dig. § 114.*]

Appeal from District Court, Archer County; A. H. Carrigan, Judge.

Action by Rial Creason and others against J. E. Clifton and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Vaughan & Hart and Hood & Shadle, for appellants. W. E. Forgy and Montgomery & Britain, for appellees.

GRAHAM, C. J. This was an action of trespass to try title, originating in the district court of Archer county, and is before us on an appeal on a record prepared in accordance with article 1414, Sayles' Annotated Civil Statutes; the material portions of the agreement on which the case is submitted in this court being as follows: (1) That this action was an action of trespass to try title brought by plaintiff Rial Creason on April 9, 1908; the amended petition on which the case was tried being filed March 1910. The petition, so far as material, was in form of trespass to try title and sought a recovery against all the defendants; the same being named as follows: J. E. Clifton, R. T. Hunter, E. K. McMahan, Waul McMahan, and E. Q. McMahan as executors of the last will of A. G. McMahan, deceased, and also in their individual capacity, Nora McMahan, Lewis McMahan, Walter T. McMahan, Oliver B. McMahan, O. C. James, Mrs. Annie James, Mrs. E. F. Watts, Mrs. Joe Perkins, Neil Thompson, Mary Tatum, A. Z. Tatum, Alice Tatum, Clara Thomas, and Sallie B. Dycus, individually and as administratrix of the estate of F. E. Dycus, deceased, of an undivided interest of 286 acres, Texas Emigration Land Company surveys 2,416 and 2,417, in Archer county, Tex., containing 320 acres each and being 1,344 varas square; and also sought recovery of rents. All defendants were duly cited, and all appeared except Mrs. Sallie B. Dycus.

Clara Thomas, one of the defendants, by pleading asked a judgment against plaintiff and all defendants for an undivided interest of 74 acres in said land. The defendants J. E. Clifton, R. T. Hunter, and the McMahans named above, among other defenses, properly pleaded the five-year statute of limitations. The defendants O. C. James, Mrs. Annie James, Mrs. E. F. Watts, Mrs. Joe Perkins, Z. N. Perkins, Neil Thompson, Mary Tatum, A. Z. Tatum, Alice Tatum, and Willie Thompson by appropriate pleadings asserted title to 215 acres off the east end of survey No. 2,417, describing same by metes and bounds, and claimed title under the five and ten year statute of limitations and also by paper title, and asked judgment against the plaintiff and all the other defendants for said land. Upon the trial the plaintiff showed title from the sovereignty of the soil to 213½ acres undivided interest in said survey. The defendant Clara Thomas showed such title to 34 acres, and the defendant Clifton showed such title to 61 acres undivided interest in said surveys. The defendants O. C. James, Mrs. Annie James, Mrs. E. F. Watts, Mrs. Joe Perkins, Z. N. Perkins, Neil Thompson, Mary Tatum, A. Z. Tatum, Alice Tatum, and Willie Thompson showed title to an interest of 211 acres undivided in said lands from the state, and showed that under their claim they had fenced the 215 acres claimed by them and established title thereto against all the parties by 10 years' limitation. The defendants Clifton, Hunter, and the McMahans claimed title under the five-year statute of limitations to all the land except that adjudged to the defendants O. C. James, Mrs. Annie James, Mrs. E. F. Watts, Mrs. Joe Perkins, Z. N. Perkins, Neil Thompson, Mary Tatum, A. Z. Tatum, Alice Tatum, and Willie Thompson.

The claim of the defendants Clifton, Hunter, and the McMahans was under a deed from W. G. Thomas to R. T. Hunter in the following words: "State of Texas, County of Dallas. Know all men by these presents, that I, W. G. Thomas, of the county of Travis and state of Texas, in consideration of the sum of three hundred (300) dollars, paid by R. T. Hunter, the receipt of which is hereby acknowledged, have granted, sold and conveyed, and by these presents do grant, sell and convey unto the said R. T. Hunter, of the county of Hill and state of Texas, my entire interest in and to the following tracts or parcels of land situated in the county of Archer, and state of Texas, the same being surveys No. 2,416 and 2,417, said surveys containing 320 acres each. The said land was deeded by C. Kendrick to Henry Thomas. To have and to hold the above-described premises, together with all and singular the rights and appurtenances thereto in any wise belonging, unto the said R. T. Hunter and his heirs and assigns, forever. And I

do hereby bind myself and my heirs, executors and administrators, to warrant and forever defend, all and singular the said premises unto the said R. T. Hunter and his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same, or any part thereof. Witness my hand this 10th day of December, A. D. 1890. W. G. Thomas. The State of Texas, County of Dallas. Before me, T. J. Murnane, a notary public, in and for Dallas county, Texas, on this day personally appeared W. G. Thomas, known to me to bè the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed. Given under my hand and seal of office this 10th day of December, A. D. 1890. [Seal.] T. J. Murnane, Notary Public, Dallas County, Texas. State of Texas, County of Archer. I, W. W. Duren, clerk of the county court of said county, do hereby certify that the above instrument of writing, dated on the 10th day of December, 1890, with the certificate of authentication, was filed for record in my office this 22d day of April, A. D., 1891, at 10:00 o'clock a. m. and duly recorded the 22d day of April, A. D. 1891, at 11:00 o'clock a. m. in the records of said county, in volume T, page 2. Witness my hand and seal of the county court of said county, at office in Archer, the day and year last above written. [Seal.] W. W. Duren, Clerk C. C. Archer County, Texas."

It was admitted that there were no other surveys in Archer county, Tex., No. 2,416 and 2,417, except Texas Emigration & Land Company surveys, described in plaintiff's petition; that Clifton, Hunter, and the McMahans showed such possession as required the court to submit the issue of limitations to the jury, if the deed above referred to was sufficient as a basis of five-year limitation as against the plaintiff Rial Creason and the defendant Clara Thomas. They also proved the payment of taxes on all of survey No. 2,416, as they accrued during the necessary period of time, and proved the payment of taxes on 105 acres of survey No. 2,417 during such necessary period of time; but the taxes on the 105 acres of survey No. 2,417 neither by the receipts nor tax rolls appeared to have been paid on any specific portion of same. It was shown that at the time W. G. Thomas executed and delivered the deed to R. T. Hunter, W. G. Thomas owned an undivided interest of 61 acres in said survey; that Mary A. S. Thomas owned an undivided interest of 213½ acres which was afterwards acquired by the plaintiff Rial Creason; that Mary A. Lawson owned an undivided interest of 74 acres; that Clara Thomas owned an undivided interest of 34 acres; that one W. C. Watts, through whom the defendants O. C. James, Mrs. Annie James, Mrs. E. F. Watts, Mrs. Joe Perkins, Z. N. Perkins, Neil Thompson,

Mary Tatum, A: Z. Tatum, Alice Tatum, and Willie Thompson claimed, owned an undivided interest of 155½ acres; that Lucile Thomas, then a minor, owned 61 acres undivided; and that the remainder belonged to Mrs. 'Sallie B. Dycus, or to others, the same not being material. It was also shown that all the parties owning the land when Hunter received this deed from W. G. Thomas owned same as tenants in common, all holding either as heirs or vendees of heirs of one Henry Thomas, who owned the two surveys Nos. 2,416 and 2,417, at the time of his death. That the deed from C. Kendrick to Henry Thomas correctly described said surveys Nos. 2,416 and 2,417, and was properly recorded in Archer county, Tex., several years before the deed to Hunter was executed by W. G. Thomas.

It is agreed that the only questions to be decided on appeal in this case are: (1) Was the deed from W. G. Thomas to R. T. Hunter sufficient to form the basis of a title under the five-year statute of limitations as against the plaintiff and others claiming undivided interest in the land? (2) Was the payment of taxes on 105· acres of survey 2,417 sufficient to vest title to any part of the same under the said five-year statute of limitations? (3) It is further agreed that if the deed to R. T. Hunter is sufficient as a basis for the five-year statute of limitations as against the plaintiff Rial Creason and the defendant Clara Thomas, that the cause be reversed and remanded as to section No. 2,-416, but, otherwise, that the judgment be affirmed; also, that if the deed be sufficient and the payment of taxes on 105 acres of survey No. 2,417 be sufficient, that the cause be reversed and remanded, but that if either the deed from W. G. Thomas to R. T. Hunter, or payment of taxes on the 105 acres of survey No. 2,417 be insufficient to comply with the statute of limitations of five years, that then judgment be affirmed, or reformed and rendered as the law and facts may require.

[1] We are of the opinion that the deed in question was and is not void for uncertainty as to the description of the lands intended to be conveyed therein, for the reasons that we think the reference to the deed from C. Kendrick to Henry Thomas, which itself fully describes surveys 2,416 and 2,417, and which itself was of record when the deed in question was executed, in the light of the further fact that there were no other surveys of these numbers in Archer county, is amply sufficient to identify the lands sought to be conveyed. Bowles v. Beal, 60 Tex. 322; Steinbeck v. Stone, 53 Tex. 382; Eustis v. City of Henrietta, 90 Tex. 468, 39 S. W. 567. We are also of the opinion that the deed in controversy on its face, when considered in connection with the other facts agreed to in the record, shows an intention to convey by the grantor, and to accept by the grantee, land, and not a mere chance or

right of title thereto. We therefore think the deed amply sufficient as a conveyance of land to support the statute of limitations of five years as to the lands therein conveyed. Garrett v. Christopher, 74 Tex. 453, 12 S. W. 67, 15 Am. St. Rep. 850.

[2] In the light of the fact, however, that the agreed record shows conclusively that, at the time W. G. Thomas executed and delivered the conveyance to R. T. Hunter, Thomas owned only an undivided interest to the extent of 61 acres of land in the surveys described, we think most clearly the deed from Thomas to Hunter of date December 10, 1890, was only intended to convey, and that it did only convey, the 61 acres undivided interest in surveys 2,416 and 2,417 then owned by Thomas, and that said deed was wholly insufficient to warrant the grantee therein, or his assigns, in taking possession of any lands thereunder other than the 61 acres then owned by Thomas, and therefore that said conveyance was insufficient to support the statute of limitations of five years, as to any lands other than the 61 acres. Borden v. Patterson, 51 Tex. Civ. App. 173, 111 S. W. 185; Hunter v. Eastman, 95 Tex. 648, 69 S. W. 66.

As a result of the construction we place upon the deed in controversy, it becomes unnecessary, under the agreement found in the record, for us to pass upon the second question, and in the light of the further fact that we find no error in the judgment rendered by the trial court, and which is complained of in this court, it follows that the judgment of the trial court should be affirmed, and it is therefore so ordered.