**J. S. LIVINGSTON, Appellant,**

v.

**McMULLEN OIL & ROYALTY COMPANY, Inc., et al., Appellees.**

No. 5150.

Court of Civil Appeals of Texas.

El Paso.

Feb. 15, 1956.

Rehearing Denied March 28, 1956.

E. B. O'Quinn, Marfa, for appellant.

H. O. Metcalfe, Marfa, Barwise, Magoffin & Carrigan, Ft. Worth, for appellees.

McGILL, Justice.

Appellant filed this suit in trespass to try title to four sections of land in Presidio County. Many persons were made defendants, but this appeal concerns only those designated as the McMullen interest and the Swofford interest. These interests disclaimed surface rights to the four sections, but claimed certain mineral interests therein. On motion the court granted summary judgment for the defendants, and this appeal is from that judgment.

The substance of all appellant's points is that the court erred because the pleadings, depositions and admissions on file, together with affidavits, show that there are genuine issues as to material facts involved, and defendants were not entitled to a judgment as a matter of law.

Appellant claimed title under the five year statute of limitations, Vernon's Ann. Civ.St. art. 5509, based on a deed from J. E. Casner to J. S. Livingston. This deed contains the following clause:

"It is agreed that said grantor conveys herein all of the surface of said lands herein conveyed and also hereby conveys all minerals and mineral rights: in said land which may actually be owned by said grantor at this time. * * *

"* * * J. S. Livingston hereby accepts this deed according to all of its terms and agreements therein."

Plaintiff relied on this deed to establish his title. The quoted language seems abundantly clear that it purports to convey and does convey minerals which the grantor actually owned, only. There is no question but that the grantor did not own all of the minerals in the land described in this deed. The language employed is susceptible of no other meaning, therefore the grantee can rely on the deed only to the extent of the interest it did convey to support the five year statute. Barksdale v. Benskin, Tex.Civ.App., 194 S.W. 402, reversed on other grounds, Tex.Com. App., 246 S.W. 360.

It is unnecessary to say more. The judgment is affirmed.

FRASER, Justice, and HAMILTON, Chief Justice (concurring).

The chain of title as introduced into the record of this case clearly points out that by the time the property in question reached appellant's grantor, all but a one-thirty-second of the minerals had been specifically reserved in prior grantors. This, of course, placed appellant's grantor in a position where he could convey only that portion of the minerals that had not been theretofore reserved.

The deed to appellant from his grantor was careful to specify that he was conveying all the minerals and mineral rights which he owned. The wording of this deed, coupled with the state of the title with reference to mineral rights, left the trial court with no alternative but to grant the summary judgment that he did, the wording of the deed being unambiguous, and the condition of the title with reference to the minerals being undisputed.

We therefore concur in the disposition of this case.