**Charles C. VITITOW et al., Appellants,**

v.

**Rufus RUPARD et al., Appellees.**

**No. 16092.**

Court of Civil Appeals of Texas.

Dallas.

Jan. 4, 1963.

Rehearing Denied Feb. 1, 1963.

Ralph R. Rash, Sulphur Springs, for appellants.

Strasburger, Price, Kelton, Miller & Martin, and Royal H. Brin, Jr., Dallas, for appellees.

DIXON, Chief Justice.

Charles C. Vititow and eighteen other persons brought this trespass to try title suit as heirs of Dollie Vititow, deceased, claiming an undivided one-half interest in forty-six acres of land located in Dallas County, Texas. The defendants in the trial court, appellees here, were the four children of Jasper Rupard, Jr., deceased. Raymond Reeves, mortgagee of the land in controversy, is also a party.

On May 24, 1902 Annie E. Rupard, first wife of Jasper Rupard, Jr., died testate. No children had been born of this union. The property in controversy was part of the separate estate of Annie E. Rupard.

By her will, Annie E. Rupard, provided that her husband, Jasper Rupard, Jr., should have, hold and control and use the forty-six acre tract during the life time of her brother, Stephen Chenault, and that after Stephen's death the tract should be divided between her two nieces, Dollie and Ora Vititow.

At the time of the death of Annie E. Rupard her brother, Stephen Chenault, was an inmate of a State Insane Asylum. He died in 1914. The rights granted to him under the will did not survive his death. Neither Stephen Chenault nor his heirs are involved in the present controversy.

Dollie Vititow, one of the nieces named in the will, died in March 1905. She had never married. Appellants claim a one-half interest in the land as the heirs-at-law of Dollie Vititow through her three brothers and a sister, all now also deceased.

Appellees, defendants in the trial court, claim title to the entire forty-six acres. They are the four children of Jasper Rupard, Jr., deceased and his second wife, also named Annie Rupard, and also now deceased.

Appellees base their claim of title on a number of conveyances from various heirs to their father. They also claim title by limitation.

A jury returned a verdict the substance and effect of which was to uphold appellees' claim of title under the five and ten year statutes of limitations.

Appellants had filed a motion for instructed verdict; and after the return of the jury verdict filed motions for judgment non obstante veredicto and for judgment disregarding the jury's answers to Special Issues Nos. 1 and 2. Appellants' motions were overruled. Judgment was rendered in favor of appellees that appellants take nothing by their suit.

In two points appellants assert that (1) the undisputed evidence shows that appellees have never held possession under a deed to the interest of Dollie Vititow, and (2) the undisputed evidence shows a repeated recognition of a cotenancy relationship between the parties; and there is no evidence of a repudiation of the cotenancy, therefore, there is no basis for appellees' claim of title by limitations.

■ It is our opinion that the trial court did not err in rendering judgment on the jury finding favorable to appellees in regard to the five year statute of limitations, Art. 5509, Vernon's Ann.Civ.St. In 1904 Jasper Rupard, Jr., obtained a warranty deed to the land in dispute from F. E. Vititow, F. D. Vititow, C. C. Vititow and Oriana Vititow Kernes, joined by her husband, W. W. Kernes. Oriana Vititow Kernes was one and the same person as the Ora Vititow who was one of the two nieces named in the will of Annie E. Rupard, the first wife of Jasper Rupard, Jr.

■ The above deed conveyed to Jasper Rupard, Jr. "all our present right, title and interest, *and all the right, title and interest which we may hereafter acquire by inheritance or devise in and to all of the estate of our Uncle Stephen Chenault and our aunt A. E. Rupard, deceased."* (Emphasis ours.) The named grantors were the next of kin of Dollie Vititow, the other of the nieces named in the will of Annie E. Rupard. When Dollie Vititow died in 1905 they became her legal heirs. The deed they executed in 1904 contained the usual habendum clause and clause of warranty. The instrument had the effect of maturing the title in Jasper Rupard, Jr. to the grantors' interest in the land in dispute upon the death of Stephen Chenault in 1914. Merriman v. Blalack, 57 Tex.Civ.App. 270, 122 S.W. 403; Kirby v. Pitchfork Land & Cattle Co., 61 Tex.Civ.App. 229, 129 S.W. 1151. See also Hale v. Hollon, 90 Tex. 427, 39 S.W. 287, 36 L.R.A. 75; Barre v. Daggett, 105 Tex. 572, 153 S.W. 120; Hammett v. Farrar, Tex.Civ.App., 8 S.W. 2d 236; Clark v. Gauntt, 138 Tex. 558, 161 S.W.2d 270.

■ The record discloses that Jasper Rupard, Jr. died June 18, 1930. The land in dispute was included in the inventory and appraisement of his estate. It was also included in the land set aside by the County Court as the homestead of his wife and minor children. The order of the County Court so designating and setting aside the homestead is sufficient as a muniment of title to support a claim under the five year statute of limitations. Fossett v. McMahan, 74 Tex. 546, 12 S.W. 324.

Appellants' first point on appeal is overruled.

■ We are of the further opinion that regardless of the five year statute of limitations, there is ample evidence to support the jury's verdict favorable to appellees' claim of title under the ten year statute of limitations.

It is true, as appellants contend, that where a cotenancy exists limitation does not start to run in favor of one cotenant against the other cotenant until there has been a clear repudiation of the cotenancy relationship by the cotenant claiming under limitation. But it is equally true that the repudiation and notice thereof may be shown by circumstantial as well as direct evidence, and may be constructive as well as actual. Mills v. Vinson, Tex.Civ.App., 342 S.W.2d 33; Vasquez v. Meaders, 156 Tex. 28, 291 S.W. 2d 926; Payne v. Price, Tex.Civ.App., 203 S.W.2d 544; Seibert v. Markham, Tex.Civ. App., 116 S.W.2d 501; Mauritz v. Thatcher, Tex.Civ.App., 140 S.W.2d 303; Moore v. Knight, 127 Tex. 610, 94 S.W.2d 1137; Rae v. Baker, Tex.Civ.App., 38 S.W.2d 366. In connection with the submission of Special Issue No. 2, the Court gave the jury instructions correctly stating the law in regard to limitations with reference to cotenancies. No objections were made to these instructions.

In the case now before us the evidence shows that for a period of forty-four years from the death of Stephen Chenault in 1914 to the filing of this suit in 1958—appellees or their father and mother have had peaceful, adverse possession and complete dominion and control of the property in dispute. They have continuously kept the north twenty acres of the forty-six acre tract under fence and have had livestock on this portion of the land every year. They have continuously cultivated the south twenty-six acres. They have kept all proceeds derived from the land and have never accounted to any other persons, said proceeds at times including rent from tenants. They have paid all taxes on the land. They have not admitted or recognized ownership in any other person, but have openly claimed full title in themselves. The property was included in the inventory and appraisement of the estate of Jasper Rupard, Jr. deceased, in 1930 and was set aside as the homestead of his wife and children. The property was held in general repute in the neighborhood to be the property of the Rupards and their parents. There is no evidence that at any time during the forty-four years any of the appellants or their privies made any claim to the land or the proceeds from it until this suit was filed in 1958.

Under the circumstances the evidence supports the jury verdict that appellees had peaceable and adverse possession of the property against any claim of title by appellants since 1914. Appellants' second point on appeal is overruled.

The judgment of the trial court is affirmed.

BATEMAN, J., not sitting.