## Case No. 15,558.

### UNITED STATES v. LANDRUM.

[See Case No. 3,393.]

---

## Case No. 15,559.

### UNITED STATES v. LANE.

[3 McLean, 365.] [1]

Circuit Court, D. Indiana.    May Term, 1844.

UNITED STATES—CONTRACTS—PROPERTY RECEIVED IN DISCHARGE OF DEBT—AUTHORITY TO PURCHASE LANDS.

1. The government of the United States has power to make a contract, as incident to its sovereignty. It may compromise a suit, and receive real and other property in discharge of the debt in trust, and sell the same.

[Cited in Dikes v. Miller, 25 Tex. Supp. 281.]

2. The solicitor of the treasury is charged with this duty.

3. Such a procedure does not come under any authority to purchase lands.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

4. This cannot be exercised except under authority of law.

At law.

Mr. Cushing, U. S. Dist. Atty.
Lane & Wright, for defendant.

OPINION OF THE COURT. Several years ago, I. T. Canby, being indebted to the government in a large amount of money as receiver of public moneys, agreed, in discharge of his indebtedness, to convey to the United States certain lands. The district attorney, T. A. Howard, for Indiana, was directed to sell those lands, by the solicitor of the treasury; they were accordingly sold for cash, payable in instalments. The obligation for nine hundred and ninety-eight dollars, on which the present action is brought, was given on the purchase of a part of these lands. And the defendants [the administrators of Lane] set up in defence, that the obligation is without consideration, and void in law. That the United States had no power to purchase lands, except under an act of congress, and that they cannot sell without the authority of law.

The third section of the fourth article of the constitution declares, "the congress shall have power to dispose of, and make all needful rules and regulations respecting the territory, or other property belonging to the United States." By the seventh section of the act of May 1, 1820 [3 Stat. 568], it is provided, "that no land shall be purchased on account of the United States, except under a law authorising such purchase." The sixth section of the same act declares, "that no contract shall be made by the secretary of state, or of the treasury, or of the department of war, or of the navy, except under a law authorising the same, or under an appropriation adequate to its fulfilment," &c. The first section of the act for the appointment of a solicitor of the treasury, passed May 29, 1830 [4 Stat. 414], provides, "that the solicitor shall have charge of all lands and other property which have been, or shall be, assigned, set off, or conveyed to the United States, in payment of debts; and of all trusts created for the use of the United States, in payment of debts due them; and to sell and dispose of lands assigned, or set off to the United States in payment of debts, or being vested in them by mortgage, or other security for the payment of debts; and in cases where real estate hath already become the property of the United States by conveyance," &c. the solicitor is to release, &c.

This provision, it is contended, refers to lands previously obtained under laws of the United States, and not to those which might, afterwards, be acquired. That the act gives no new power to the government, through the solicitor, to acquire lands. And it is urged, that unless under an express law of congress, through any of the agencies of the government, lands cannot be purchased. That the lands now referred to, were not taken, under the laws of the state, in payment of a debt, or where the party was insolvent. There can be no doubt that the act regulating the duties of solicitor, had a reference to existing laws in some of the states, which authorise the debtor to set off his real estate, on execution; and in other cases where he surrenders all his property to the United States, on which he is released; but all the provisions are not limited to these cases. Some of them are general, and apply to cases of "trusts created for the benefit of the United States, in payment of debts due them." But, independently of this provision, we think there was power in the government to receive the lands in question.

In the case of U. S. v. Tingey, 5 Pet. [30 U. S.] 1828, the court, in considering the powers of the government to make contracts, say, "upon full consideration of the subject, we are of opinion that the United States have such a capacity to enter into contracts. It is, in our opinion, an incident to the general right of sovereignty; and the United States, being a body politic, may, within the sphere of the constitutional powers confided to it, and through the instrumentality of the proper department to which those powers are confided, enter into contracts, not prohibited by law, and appropriate to the just exercise of those powers." As a party to a suit, no one doubts the power of the government, through its properly authorised agent, to direct the course of the suit as shall best advance the public interest. And if a compromise be necessary for that interest, it may be made. And that is what was done in the present case. The lands were taken, not as a purchase, but to secure the debt of the late receiver. And these lands were sold on a credit, in order that the sum due by the receiver might be paid. It was a case of trust, recommended by the public interest, and opposed to no law or public policy. The action is sustained. Judgment.