Wheeler, C. J.
—When this cause was before us on a former appeal, we intimated an opinion, that the deed of relinquishment of the 3d of June, 1843, was operative and effectual to divest the title of the grantee, Wickson, and vest it in the government. (24 Tex., 417.) We are now referred by counsel for the appellee to a series of cases decided by the courts of the United States which strengthen this opinion. Thus, it is held that the United States, in their political capacity, may enter into contracts, may take a bond, and may receive real or other property as a security for a debt, in cases not previously provided for by law. This power exists as an incident to the general right of sovereignty; and the Government, being a body politic, may, within the sphere of the constitutional powers confided to it, and through the instrumentality of the proper department to which those powers are confided, enter into contracts, not prohibited by law, and appropriate to the *290 just exercise of those powers. It does not require legislation to empower the proper department to act in making the contract or receiving the security; the power exists as an incident to sovereignty, and may he exercised by the proper department, if not forbidden by legislation. (Dugan’s Ex. v. United States, 3 Wheat, 172; United States v. Tingey, 5 Peters, 114; United States v. Bradley, 10 Peters, 343; United States v. Sim, 15 Peters, 290; Neilson v. Lazon, 12 Howard, 107; United States v. Lane’s Admr., 3 McLean, 365.)
It is undoubted that the State has the capacity to take by deed or devise. (Bell County v. Alexander, 22 Tex., 350.) _ The commissioner of the general land office would Seem to be the proper officer to accept the relinquishment-of title in a case like the present. This is the department or office in which to preserve the evidences of the public lands and land-titles of the State. And upon the principle of the decisions to which we have referred, in the absence of any legal provision or prohibition, he must be deemed to have authority to accept the relinquishment of title on behalf of the State. On the authority of these decisions, and upon the considerations heretofore adverted to, (24 Tex., 423,) we think it safe to conclude, that the deed of release in question was effectual to pass the title and revest it in the State; at least, that it was sufficient to divest the title of the grantee, which is sufficient for the disposition of this case.
Having parted with his title, the grantee, Wickson, had nothing to convey by his subsequent deed to Arrington. That being but a quit-claim deed, and the conveyance from Arrington to the plaintiff being also by a quit-claim deed, the latter'took the risk of the title. (Id., 425, and cases cited.) Hot having acquired the title, it is plain that £.e cannot maintain the action; and there is therefore no error in the charge of the court.
The proof of the deed of release was objected to on vari *291 ous grounds; "but the objections were overruled, and we think rightly. The original was an archive, and the copy certified as such by the keeper of the records was admissible in evidence. But, if not an archive, the original could not be removed from the office. Its non-production was accounted for, and its execution and contents fully proved by the production of the best evidence of which the nature of the case was susceptible. The evidence produced was not such as presupposed the existence of better evidence within the power of the party. It was the best and only evidence of which the case was susceptible, and was.therefore the “best evidence,” within the meaning of the rule upon that subject. (1 Greenl. Ev., §. 82.)
We are of opinion that there is no error in the judgment, and that it be
Affirmed.