

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 14, 1970

Honorable Ben Barnes
Lieutenant Governor of Texas
Honorable Gus Mutscher
Speaker of the House of
  Representatives
Austin, Texas

Opinion No. M-695

Re: Authority of the Senate
    and House of Representa-
    tives to enter into a con-
    tract direct with the State
    Building Commission for
    certain "building repair
    and remodeling" and to pay
    certain funds for such ser-
    vices.

Gentlemen:

In your letter requesting an opinion from this office, you
submit the following fact:

"In House Bill No. 2, Acts of the 61st Legis-
lature, Second Called Session,*the Senate and House
of Representatives have appropriations provided to
them which in part permit 'building repair and re-
modeling and other expenses' of the Senate and House
of Representatives."

With regard to this fact you ask the following question:

"Do the Senate and House of Representatives
have the authority to enter into a contract direct
with the State Building Commission for 'building re-
pair and remodeling' and to transfer to the Building
Commission such portion of said appropriated funds
as are necessary to pay for such building repairs
and remodeling under the terms of the contract?"

---

\*      General Appropriation Act

Section 51-b, Article III, Texas Constitution, added November 2, 1954, created the Texas Building Commission. Paragraph (b) of Section 51-b states, in part, as follows:

"Sec. 51-b(b) The State Building Fund is hereby created. . . This provision is self-enacting. The State Building Fund shall be expended by the Commission upon appropriation by the Legislature for the uses and purposes set forth in subdivision (c) hereof."

Paragraph (c) of Section 51-b of Article III of the Texas Constitution provides as follows:

"(c)  Under such terms and conditions as are now or may be hereafter provided by law, the Commission may acquire necessary real and personal property, salvage and dispose of property unsuitable for State purposes, modernize, remodel, build and equip buildings for State purposes, and negotiate and make contracts necessary to carry out and effectuate the purposes herein mentioned."

Article 678m, Vernon's Civil Statutes, was enacted pursuant to Section 51-b, Article III, Texas Constitution. The provisions of Article 678m most pertinent to our discussion are quoted as follows:

"Section 1.  The State Building Commission . . . is hereby declared to be a State agency for performing the governmental functions outlined in Section 51-b of Article III of the Constitution of the State, ...

"Section 3. ... Under such terms and conditions as may be provided by law, the Commission may acquire necessary real and personal property, modernize, remodel, build and equip buildings for

State purposes, and make contracts necessary to
carry out and effectuate the purposes herein
mentioned in keeping with appropriations authorized
by the Legislature ..."

"...

"Section 5.  The Commission is authorized
to take any action and enter into any contracts
necessary to provide for the obtaining of sites
and the planning, designing and construction of
the buildings and memorials provided for by
Section 51-b, Article III of the Constitution,
and the Commission is also authorized to take any
action and enter into any contracts to obtain sites
which it deems necessary in order to provide for
the orderly future development of the State Build-
ing Program which is contemplated by this Act,
insofar as appropriations permit. . ."

Attorney General's Opinion WW-1120(1961) held that the pro-
visions of Section 5, supra, and Section 8 of Article 678m,
Vernon's Civil Statutes, would constitute sufficient authority
for the State Building Commission to obtain the services of and
enter into contracts with other State agencies and that "con-
tracts entered into by the State Building Commission with other
State agencies pursuant to the provisions of Article 678m do not
require the approval of the Board of Control."

Article 678f, Vernon's Civil Statutes, is known as the "State
Building Construction Act."  The purposes of the Act are stated
in Section 1 as follows:

"The purpose of this Act is to provide for the
orderly planning of buildings constructed by the State,
to provide for adequate inspection in the State's
interest of building construction work in progress,
and to provide for reasonably accurate projections of
building program requirements, and estimates of the

cost of proposed projects prior to legislative
appropriations or specific authorizations for the
construction and equipping of such projects."

Section 5 of the Act states, in part, as follows:

"Section 5. (A) The state Building Commis-
sion is hereby designated as the administering
agency and shall exercise the powers and duties con-
ferred upon it by this Act in addition to all powers,
duties and responsibilities previously conferred
upon it by Acts of the 54th Legislature, Regular
Session, 1955, Chapter 514, as amended (compiled as
Article 678m, Vernon's Annotated Civil Statutes),
and the provisions of such Act, as amended, shall
apply where pertinent to all construction under the
provisions of this Act. ..."

Based on the provisions of Section 5, supra, it is our opinion
that Article 678f, Vernon's Civil Statutes, does not limit the
authority of the State Building Commission to contract with any
other State agency or department.  In this regard, see Attorney
General's Opinion C-536 (1965), which held that an account payable
to the State Building Commission incurred under a contract with
the Texas Department of Mental Health and Mental Retardation
pursuant to the authority of Article 678m and Article 678f, Ver-
non's Civil Statutes, was an allowable claim against the Texas
Department of Mental Health and Mental Retardation.

In addition to the authority of the State Building Commission
to enter into contracts with other State agencies under the pro-
visions of Article 678m, Vernon's Civil Statutes, the Commission
is authorized to enter into contracts with other State agencies
under the provisions of Article 4413 (32), Vernon's Civil Statutes,
known as "The Interagency Cooperation Act."  Attorney General's
Opinion C-78(1963). We quote from the provisions of Article
4413(32) as follows:

"...

"Section 2.  When used in this Act the word 'agency' includes department, board, bureau, commission, court, office, authority, council, institution, university, college, and any service or part of a State institution of higher education.

"Section 3.  Any state agency may enter into and perform a written agreement or contract with other agencies of the state for furnishing necessary and authorized special or technical services, including the services of employees, the services of materials, or the services of equipment...

"Section 4.  Before any services may be rendered or received, a written agreement or contract shall be entered into, specifying the kinds and amounts of services to be rendered, the bases for calculating reimbursable costs, and the maximum account of the costs during the time period covered by the agreement.

"...

"Section 6.  Payments for such services by a receiving agency shall be made from the appropriation items or accounts of the receiving agency from which like expenditures would normally be made, based upon vouchers drawn for this purpose by the receiving agency payable to the furnishing agency.  Payments received by the State agency performing the services shall be credited to that State agency's current appropriation items or accounts from which the expenditures of that character were originally made. . ."

The facts submitted in connection with Attorney General's Opinion C-78(1963) are outlined, in part, as follows:

"Recently the Department of Public Welfare has purchased an IBM machine which they desire to have installed in the new building . . . In order to install this equipment and have it function properly, it is necessary to augment the air conditioning within the designated room location and furnish an additional source of electrical power supply . . . The Department of Public Welfare has stated that they have the appropriated funds to cover the installation in the amount stipulated.  Sufficient contingency funds originally appropriated to the State Building Commission for the structure do not remain to cover the installation of this newly acquired and unforeseen IBM machine requirement. . ."

Opinion C-78 (1963) cites Section 3 and Section 6 of Article 4413(32), Vernon's Civil Statutes, and holds under the facts submitted that:

"It is the opinion of this office that the State Building Commission has the power and authority under Section 3 of Article 4413(32) to enter into agreements or contracts with other State agencies whereby the Commission performs services for the other agency. The services rendered by the State Building Commission would be 'special' or 'technical services' within the meaning of Article 4413(32).

". . . The contract would be subject to the limitations on interagency contracts and agreements contained in Article 4413(32), and payment would have to be made in accord with Section 6 of Article 4413(32) as quoted above." (Emphasis added.)

Section 1, Article II  of the Texas Constitution establishes the Legislature as a separate "department" of the State government. "The Legislative power of this State shall be vested in a Senate and House of Representatives, which together shall be styled 'The Legislature of the State of Texas.'"  Section 1, Article III, Texas Constitution.  Thus, there has been created "two separate

and coordinate chambers acting independently of each other."
See Interpretive Commentary under Article III, Section 1,
Constitution of Texas, Vol. 1 of Vernon's, page 550.  Although
the principal function of the Legislature is to enact laws, in-
cluding the amendment, repeal and suspension of enforcement of
existing laws, the Legislature also possesses powers of a non-
legislative character. 36 Tex.Jur.2d 132, Legislature, § 8.
One of these non-legislative powers is the power to contract.
Conley, et al v. Daughters of the Republic, 156 S.W. 197, 106
Tex. 80 (1913 reh, den. 157 S.W. 937); (Charles) Scribner's
Sons v. Marrs, 262 S.W. 722, 114 Tex. 11(1924); Dikes v. Miller,
25 Tex. Supp. 281(1860).  Throughout many years in Texas it
has been the usage and practice for each separate legislative
body to contract for and expend its legislative appropriation.
There being no constitutional prohibition, the extent of a
legislative body's power is to be determined as well by usage as
by specific grants. 49 Am.Jur. 250, States, etc., Sec. 33.

In view of the foregoing, it is our opinion that, as separate
legislative bodies, the Senate and House of Representatives each
jointly or severally, have the power to contract to expend ap-
propriations which the Legislature has made to each body separately.
With reference to the Interagency Cooperation Act, it is our
opinion that the Senate and House of Representatives have the
legal capacity to contract with the State Building Commission
under the authority of Article 4413(32), Section 2, and Article
678m, Vernon's Civil Statutes and Attorney General's Opinion
No. WW-1120 (1961).

Presently the Senate and House of Representatives have funds
appropriated to each separate body which provide, in part, for
the "building repair" and "remodeling."  It is our opinion that
building repair and remodeling would be special or technical
services within the meaning of Article 4413(32), Section 3, Vernon's
Civil Statutes, and also within the scope of the authorized pur-
poses specified in Article 678m, Section 3, Vernon's Civil Statutes.

On the basis of the preceding discussion, it is our opinion
that the State Building Commission under the authority of the
provisions of Section 51-b, Article III of the Constitution of
Texas, Article 678m, Vernon's Civil Statutes, and Article 4413(32),

Vernon's Civil Statutes, may contract directly with the Senate and House of Representatives to provide building repair and remodeling services. Moreover the Senate and House of Representatives is authorized to pay the State Building Commission for these services under the authority of Attorney General's Opinion C-78(1963) upon vouchers drawn for this purpose by the Senate and House of Representatives payable to the State Building Commission.

## S U M M A R Y

The State Building Commission under the authority of the provisions of Article III, Section 51-b, Texas Constitution, Article 678m, Vernon's Civil Statutes, and Article 4413(32), Vernon's Civil Statutes, may contract directly with either the Senate or House of Representatives, or both of such bodies to provide "building repair" and "remodeling services."

The Senate and House of Representatives are authorized to pay the State Building Commission for these services under the authority of Attorney General's Opinion C-78(1963) upon vouchers drawn for this purpose by the Senate and House of Representatives payable to the State Building Commission.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ivan R. Williams, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Houghton Brownlee
John Banks
J. C. Davis
S. J. Aronson

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant