**JOHNSON et al. v. DICKEY et al.**

No. 9861.

Court of Civil Appeals of Texas.
Austin.

May 24, 1950.

Rehearing Denied July 12, 1950.

Sam J. Dotson, of San Angelo, for appellants.

Runge & Hardeman, by Curt F. Steib, of San Angelo, for appellees.

ARCHER, Chief Justice.

Appellees, George O. Dickey, Frank C. Dickey, W. B. Wardlaw, Mrs. L. B. Newman, and Maewin A. Scott, joined pro forma by her husband, H. P. Scott, filed this suit in the district Court of Coke County, Texas, against the appellants, A. C. Johnson and wife, Joe Irma Johnson, and Jewell S. Dickey. This was a suit by each plaintiff, save H. P. Scott, for an undivided interest in four tracts of land in Coke County, Texas, to-wit:

First Tract: B. Brown Survey No. 1, Abstract 1218, containing 143.3 acres of land;

Second Tract: Part of S. Ackelson Survey containing 45.5 acres;

Third Tract: Ella Ackelson Survey No. 3, containing 65.3 acres; and

Fourth Tract: All of the J. D. W. Dickey Survey No. 1, containing 81 acres. The estimated total of the land was 336 acres.

The interest sought by each plaintiff was as follows: George O. Dickey, an undivided interest of one-sixth, in fee; Frank C. Dickey and his vendee, M. B. Wardlaw, an undivided one-sixth of the minerals which was reserved to Frank C. Dickey in his deed to A. C. Johnson and wife, executed January 1, 1925; Mrs. L. B. Newman (a feme sole) and Maewin A. Scott each sought to recover title to the minerals reserved to them each in their respective deeds to the defendants, A. C. Johnson and wife, executed in the year 1920. These plaintiffs contended that the interest reserved in such deeds was a one-sixth, while the defendants A. C. Johnson and wife contended that such interest was one-twelfth. These plaintiffs also sought to set aside for fraud their respective deeds to the same land and same grantees, made in the year 1941, which did not contain any mineral reservation.

The defendant Jewell S. Dickey answered that he had conveyed his interest in such land to the defendants A. C. Johnson and wife, and had no interest, and prayed that he recover his costs.

A. C. Johnson and wife plead a general denial, plea of not guilty, the statute of frauds, and the statute of conveyances, and the statute with reference to trusts, and the two, three and four-year statutes of limitation; also the ten and twenty-five-year statutes of adverse possession and limitation as to land. They also contended that the land had been partitioned between them and Frank C. Dickey, he taking the 81-acre J. D. W. Dickey tract.

The court sustained a motion of the plaintiffs, George O. Dickey, Frank C. Dickey, and W. B. Wardlaw, to withdraw the case from the jury and render judgment in their favor, and did render judgment for such plaintiffs for the interest sued for by them.

Judgment was also rendered for the plaintiffs, Mrs. L. B. Newman and Maewin A. Scott, for the interest of a full one-sixth of the minerals to each of them, based on the verdict of the jury in answer of special issues as to fraud. The court refused to submit issues as to adverse possession in favor of defendants, A. C. Johnson and wife, as to such plaintiffs.

It was undisputed that the land involved in this suit was the community property of Mrs. D. W. Dickey, who died intestate in Coke County, Texas, in the year 1906, and of her husband, J. D. W. Dickey, who died intestate in Coke County, Texas, in the year 1910. At the death of Mrs. D. W. Dickey and J. D. W. Dickey, the title vested in their grandchildren, George O. Dickey, only child of the first marriage of Joseph S. Dickey, deceased son of Mrs. D. W. Dickey and J. D. W. Dickey, and in the plaintiffs, Frank C. Dickey, Mrs. L. B. Newman, Maewin A. Scott, and the defendants, Joe Irma Johnson and Jewell S. Dickey, children of the second marriage of the said Joseph S. Dickey. Joseph S. Dickey died in the year 1897.

This appeal is predicated on thirty points assigned as error in the trial of the case.

The case may be disposed of on six main divisions: the first, involving assignments Nos. 1 to 5, inclusive, the error of the court in sustaining the motion of George O. Dickey to withdraw his case from the jury and render judgment in his favor, because as a matter of law the statute of limitation never commenced to run against him.

We do not believe that there was error in the action of the court in sustaining the motion. George O. Dickey inherited from his grandmother in 1906 a 1/12 interest in the lands, and from his grandfather in 1910 a 1/12 interest, and became a cotenant with his three half sisters and his two half brothers, and had made no conveyance of his interest.

▮ The adverse claim of the defendants (Mr. and Mrs. Johnson) would not be effective to set in operation the statute of limitation, in view of the uninterrupted use of the property by the other heirs, who had taken turns in working the land prior to 1920, and particularly since the notice of adverse claim was not brought home to the cotenant before the prescriptive period started running against him. 11 Tex.Jur. 445. The evidence shows that up to the year 1920 the five Dickey heirs in Texas rotated the use of the land on an annual basis. In 1925 Frank C. Dickey wrote to the appellants that he only owned a ⅛ undivided interest, and that they could not beat Oll (meaning George O. Dickey) out of his share.

Aside from the oil lease in 1918, there was nothing of record to indicate any character of adverse claim to George O. Dickey's land, and Frank C. Dickey did not acknowledge the signing of this instrument.

The Johnsons testified that they claimed the land, used it by farming and grazing since 1920; that they paid taxes and made improvements; that they purchased the land from Mrs. Johnson's brothers and sisters, and "bought Oll's interest—when I bought each one of them out they sold me a one-fifth."

In June 1948 Johnson went to Alabama to see George O. Dickey about the land, but testified that he was claiming it then; that Dickey told him that the first he knew of Johnson's adverse claim was "in '43—no, in '23,"; that Frank told him, Johnson testified, that "I didn't need to let him know nothing. He already knew." George O. Dickey testified that Mr. Johnson told him that he (Dickey) owned a part of the Dickey estate, and that he came to buy him out, and suggested that Dickey come out and they could get together; that he went to Johnson's home, spent two nights and three days; that he wanted to get together and sell, that Johnson said, "Well, you haven't got any part, I have decided you haven't got any part." There was testimony about what Frank Dickey said and did.

This is substantially the basis for the limitation claim adverse to George O. Dickey's interest in the land.

We do not believe that the defendants were entitled to prevail in this case as a matter of law, and overrule the first five points. 11 Tex.Jur., 445–448 and 500.

In Bruni v. Vidaurri, 140 Tex. 138, 166 S.W.2d 81, 86, the Supreme Court held that:

"In our opinion Bruni, by the conveyance to him in 1885 of undivided interests in the grant owned by certain of the descendants of Manuela Vidaurri, became a tenant in common with the descendants of Manuela Vidaurri, whose interests he had not acquired. The descendants of Manuela Vidaurri, each owning an undivided interest in the grant, were cotenants, and Bruni, by accepting and claiming under a deed which conveyed to him interests owned by some of the cotenants, became a tenant in common with the other co-owners.

\* \* \* \* \* \*

"By reason of the foregoing facts this case is unlike Meaders v. Moore, 134 Tex. 127, 132 S.W.2d 256, 260, 125 A.L.R. 817. In that case Moore, the possessor, had entered upon the land as a trespasser and had been in adverse possession for several years before he made his first purchase and procured a deed from one of the co-owners. It was held that he did not, merely by taking

deeds from owners of undivided interests, become a tenant in common with the owners of the other undivided interest, that is, that it was not reasonably to be inferred solely from his action in procuring the deeds that he acknowledged the validity of the grantors' title or its superiority over his existing claim or that he intended to 'change his possession, which was before adverse, into a possession subordinate to the newly-acquired title'. In the instant case Bruni had no existing adverse claim when he began to procure deeds from the Vidaurri heirs. His possession began under a deed from several of the co-owners and was extended from time to time under deeds from others of the co-owners.

"Bruni's possession did not become adverse as to his cotenants unless they were given notice that he was claiming the land adversely to them or unless his acts in the assertion of adverse claim were of such unequivocal notoriety as to charge them with notice. * * * "

The second division is assignments Nos. 6 and 7, to the effect that the evidence established as a matter of law or made a jury issue that appellants had title to George O. Dickey's interest in the land under the 25-year statute of limitation, Vernon's Ann.Civ.St. art. 5519, and that it was error to withdraw the case from the jury and render judgment for Dickey.

We overrule these assignments in view of our previous action. The same evidence was relied on as a basis for limitation under the statute.

■ The appellants and appellees were cotenants, and the appellants had the right to occupy and use the land. Whelan v. Henderson, Tex.Civ.App., 137 S.W.2d 150 (Er.Dis.); Wiggins v. Houston Oil Co., Tex.Civ.App., 203 S.W.2d 252, 253 (Writ Ref.NRE).

The third division is made up of points Nos. 8, 9, 10 and 11, to the effect that the evidence established or made jury issue as to whether Frank C. Dickey and A. C. Johnson partitioned the land in 1922, Dickey taking the 81-acre tract and the Johnsons the rest; and whether Frank C. Dickey and W. B. Wardlaw had any title in the other tracts; and whether A. C. Johnson had limitation title to all minerals in the 81-acre tract, except the ⅛ reserved; and that it was error for the court to withdraw the case from the jury as to Frank C. Dickey and Wardlaw and render judgment for them as to the first three tracts described in the judgment.

Johnson testified to a parol partition had with Frank C. Dickey in 1922, whereby 81 acres were partitioned off near the 200 acres that his mother owned to Frank, and that an agreement was made that Frank would give Johnson a deed for the east side of the fence and Frank would get a deed to the 81 acres on the west side; that a fence was built but not on the 81-acre tract or all on the Johnson part. Mrs. Johnson testified as to the erection of the fence. Dickey testified that no such agreement of partition was had and no partition made,—the fence was put in to divide the pasture. There is no deed of partition between the parties.

On January 1, 1925, Frank C. Dickey conveyed an undivided ⅛ interest in the property in controversy to Andrew C. Johnson and reserved all the oil, gas and mineral rights in the above described ⅛ interest.

In the recent case of Condra v. Grogan Mfg. Co., Tex.Civ.App., 228 S.W.2d 588, there is a discussion of and the court's decision relative to a parol petition between some but not all of the cotenants.

■ The Johnsons accepted the deed from Frank C. Dickey and are bound by the recitals therein, and are estopped to repudiate such recitals. Waco Bridge Co. v. City of Waco, 85 Tex. 320, 20 S.W. 137; Greene v. White, 137 Tex. 361, 153 S.W.2d 575, 136 A.L.R. 626. The assignments are overruled.

The fourth division includes assignments Nos. 12 to 22, inclusive, which have for concern the action of the court in rendering judgment for Mrs. Scott and Mrs. Newman for an undivided ⅛ interest in the minerals, instead of 1/12, because the deeds made by them in 1920 were for the interest they each had as an heir of their grandfather, J. D. W. Dickey. No mention is

made of their grandmother, who had predeceased her husband.

The testimony of the appellants is to the effect that after they secured the deeds in 1920 they claimed all of the lands and all minerals that were not designated in the deeds. It is apparent that all parties claim or claimed an undivided ⅛ in the entire estate of both the grandmother and the grandfather, and conveyed or sought to convey an undivided ⅛ interest therein. There can be no basis on which the Johnsons can predicate an adverse claim to the 1/12 mineral interests of the two appellees. 31 Tex. Jur. 111; Grissom v. Anderson, 125 Tex. 26, 79 S.W.2d 619; Broughton v. Humble Oil, etc., Tex.Civ.App., 105 S.W.2d 480, 481. The jury verdict has reasonable support in the record.

■ We believe that the issues as submitted to the jury fairly presented the fact questions and that the issues as submitted inquired of the jury if the defendants had represented that if no sale were made that the deeds would not be recorded. The jury answered these issues in the affirmative. The next issues inquired if Mrs. Scott and Mrs. Newman relied upon such representations, and these issues the jury answered, "Yes." The next issue inquired if the representations were false, and the jury answered, "Yes." It was not error in entering the judgment.

Assignments Nos. 23, 24 and 25 make up the fifth division and are directed to the action of the court in cancelling the deeds executed in 1941 by Mrs. Newman and Mrs. Scott, because the facts were not established on which the jury rendered its verdict.

■ There was evidence on the part of Mrs. Newman and Mrs. Scott that the deeds would not be recorded unless a contemplated sale of the lands was completed, but would be returned to the grantors. The Johnsons denied that there was such an agreement. No further consideration was paid for the execution of the deeds in 1941.

The trusts in the deeds were either resulting or constructive and are not within the Texas Trust Act. Vernon's Ann.Civ. St. art. 7425b—1 et seq. Mills v. Gray, Tex.Sup.1948, 210 S.W.2d 985. The introduction of oral testimony with reference to the oral trust was not contrary to Article 3995, Vernon's Ann.Civ.St.

"* * * Where a grant is made on the faith and because of a promise, a breach of the promise is necessarily a fraud, not to be tolerated in equity although the promise be only verbal." Faville v. Robinson, 1921, 111 Tex. 48, 227 S.W. 938.

■ It was not error for the court to exclude the testimony of Mrs. Burt that she had paid the doctor and funeral bills of J. D. W. Dickey and that both J. D. W. and D. W. Dickey had expressed their wish to her that her children should have the property; or that of J. H. Mather that the Johnsons had used the land since 1925, and that the land was generally known as the A. C. Johnson land; or the exclusion of the tax receipts; or that of Frank Bryan, Sr., that he had heard the Johnsons assert title to the land since 1925; the exclusion of which, if admissible, was harmless error.

■ The above tendered testimony was excluded on objection that it was irrelevant and immaterial. There was no question as to the right of the Johnsons to occupy and farm the lands. The objection to the evidence as to tax receipts was on the ground that it was not the best evidence and immaterial. Fowler v. Hardee, Tex. Civ.App., 16 S.W.2d 154.

The judgment of the trial court is, therefore, affirmed.

Affirmed.