**L. M. SIMMONS, d/b/a L. M. Simmons & Sons, Appellant,**

v.

**CAPITAL DIESEL & INDUSTRIAL MA-CHINE WORKS, INC., Appellee.**

No. 7363.

Court of Civil Appeals of Texas.

Amarillo.

May 18, 1964.

Rehearing Denied June 22, 1964.

James P. Brewster, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Lubbock, for appellee.

DENTON, Chief Justice.

Capital Diesel & Industrial Machine Works, Inc. brought this suit against L. M. Simmons d/b/a L. M. Simmons & Sons on a verified account to recover for labor and parts in the repair and overhaul of defendant's diesel truck. The case was submitted to a jury on special issues, and based on the jury verdict, the trial court entered judgment in favor of plaintiff below for the sum of $2,608.15. Appellant has timely perfected this appeal.

The plaintiff was in the business of repairing industrial trucks and stationary engines in the City of Austin. The extensive repair work performed by appellee on appellant's large diesel truck required some ten days. During this period plaintiff's officials and Mr. Simmons conversed by long distance telephone several times concerning repairs to be performed. When the work was completed, Simmons' truck driver signed the invoices and drew a draft on Simmons in the amount of $2,519.16. Some additional minor repairs were added to the total bill in the sum of $88.99. In due course Simmons stopped payment of the draft. When O. B. McKown, president of appellee corporation, was informed of the

draft being dishonored he called Mr. Simmons. McKown testified Simmons had no complaint about the work that was done, but stated " 'I just don't think it is worth that much,' or something to that effect." Shortly thereafter Jack Stoker, appellee's employee, was sent to Lubbock to discuss the matter with Simmons, at which time Simmons gave Stoker a check in the amount of $1,908.77. When this check was delivered to McKown, he immediately returned it to Simmons by certified mail. The transmittal letter dated April 4, 1962 rejected the check and further made demand that the account be paid in full. This letter which made reference to the check being returned therein, was admitted into evidence over the timely objection of appellant that it was evidence of an offer of compromise. Appellant further moved for a mistrial. The check itself was not offered into evidence.

Appellant Simmons' two points of error present the question of the admissibility of all the evidence relative to the check tendered by Simmons. Appellant contends such evidence is inadmissible on the ground it was an offer of compromise. In reply, appellee takes the position the tender of the check by Simmons was not evidence of an offer of compromise but evidence of an admission of liability. Appellee further contends whether or not the tender was an offer of compromise becomes immaterial in view of Simmons own testimony subsequently given in which he described the settlement negotiations with Stoker.

■■ The rule is well established that offers of compromise are not admissible as evidence for the purposes of showing an admission of liability on the part of the debtor. However, under the circumstances, we must determine whether the admission of such evidence constitutes reversible error. As the case developed, appellant made no contention the repairs were not done in a good and workmanlike manner although some of Simmons' testimony seems to imply that some repairs were made that were not necessary. The crux of appellant's defense

was that he was overcharged for the work performed and the parts used. Thus, the real controversy was not whether appellant was liable, but the extent of such liability. We think it is clear the reference to the check in the amount of $1,908.77 in appellee's letter of April 4 was evidence of an offer of compromise, but under the circumstances its admission does not constitute reversible error.

■ No other reference was made to the tendered check until Simmons testified to the transaction under questioning by his own attorney. He testified he tendered the check to Stoker in settlement of the claim and went into detail as to how the amount was calculated. Simmons testified, "I told him [Stoker] if he'd take off the 69 hours— we figured that off at five, six bits an hour, whatever it figured, and take off the two hundred ninety dollars, rather than to have trouble with it, if it would satisfy him, I would give him a check for it, and that's the deal we worked out." After this and other similar testimony was voluntarily given by Simmons, his attorney again renewed their motions that all evidence, including this testimony of Simmons, relative to the check and offer of compromise be withdrawn from the jury and that a mistrial be declared. We are of the opinion, and so hold, appellant waived his objections to the evidence of compromise. Any error in the admission of the letter and its reference to Simmons' check was waived or cured by the subsequent testimony of Simmons in which he fully explained the transaction. Howell v. Bowden (Tex.Civ.App.), 368 S.W.2d 842, (Refused, NRE); City of Houston v. Howe & Wise (Tex.Civ.App.), 323 S.W.2d 134, (Refused, NRE); Minchen v. First Nat'l Bank of Alpine (Tex.Civ.App.), 263 S.W.2d 601, (Refused, NRE); West v. Cashin (Tex.Civ.App.), 83 S.W.2d 1001, (Dismissed); 1 McCormick & Ray, Texas Law of Evidence, Section 27.

The judgment of the trial court is affirmed.

Affirmed.