Anneel R. BEETS and Hughla F. Beets, Appellants,

v.

Ella HICKOK, Appellee.

No. 12–83–0148–CV.

Court of Appeals of Texas, Tyler.

Oct. 17, 1985.

Donald A. Ray, Mabank, for appellants.

William H. Kugle, Jr., Athens, and Thomas H. Hight, Dallas, for appellee.

SUMMERS, Chief Justice.

This is a trespass to try title case. The appeal is from a judgment awarding certain real property to plaintiff/appellee Ella Hickok (Hickok). Hickok instituted this action against defendants/appellants Anneel R. and Hughla F. Beets (Beets) to recover title and possession to a 24-acre tract of land. The tract originally was a part of an 82⅛-acre farm belonging to Collins Caleb Bonsal and wife, Mamie P. Bonsal, the parents of Hickok and Mamie E. Sanderford (Sanderford), Beets' predecessor in title.

Collins Caleb died in 1901 and his wife, Mamie P., in 1948. Upon Mamie's death, the 82⅛-acre farm was inherited by the Bonsals' five children, to-wit: two daughters, Hickok and Sanderford; and three sons, C.C. Bonsal, H.E. Bonsal, and W.P. Bonsal. Shortly after the death of her mother in 1948, Hickok married W.D. Hickok. On January 18, 1949, the three male heirs (C.C., H.E., and W.P.) executed a general warranty deed purporting to convey the entire fee of the 24-acre tract to Hickok. The deed recited a consideration of one dollar cash in hand paid and a partition of the estate of C.C. Bonsal and wife, Mamie P. Bonsal, the deceased parents of grantors and grantee. This deed was filed for record the same date as its execution in the Deed Records of Henderson County, Texas, and Hickok and her husband immediately went into possession of the land in question.

The parties stipulated that originally Hickok and Sanderford each inherited from their parents an interest in the property as cotenants. A threshold question in the case is whether Hickok, in asserting a claim of adverse possession, repudiated the cotenancy of Sanderford.

Sanderford lived for many years (after 1920) in Mississippi, visiting the property in question only twice between 1949 and the time of trial. Hickok, on the other hand, continued to live on the land in question, paying the taxes thereon throughout the years since 1948. She and her husband made their living off the land until 1981, when they moved to a nursing home.

On July 19, 1982, Sanderford purported to convey a one-fifth undivided interest in

the land in question to Beets. Shortly thereafter, Hickok filed this action claiming title to the property in question by repudiation of the cotenancy and adverse possession. In its answers to special issues, the jury found for Hickok in her claim of repudiation of the cotenancy and adverse possession under the five, ten and twenty-five year statutes of limitation.[1] The court accordingly rendered a judgment in her favor. From this adverse judgment, Beets have appealed. We affirm.

Beets bring three points of error, claiming that (1) the trial court erred in refusing to submit a proffered special issue; (2) the trial court erred in refusing to give the jury a proffered explanatory instruction; and (3) the evidence was insufficient to support the jury's finding that Hickok had obtained title to the land in question by adverse possession under the five, ten, and twenty-five year statutes.

■ Beets first complain that the following special issue should have been submitted to the jury:

Do you find from a preponderance of the evidence that Mrs. Mamie E. Bonsal Sanderford, predecessor in title to defendants, Anneel R. Beets and Hughla F. Beets, knew that plaintiff, Mrs. Ella Hickok was claiming the acreage in controversy in this suit adverse to the said, Mrs. Mamie E. Bonsal Sanderford, or that plaintiff, Mrs. Ella Hickok, asserted an adverse possession against Mrs. Mamie E. Bonsal Sanderford of such notoriety that the said Mrs. Mamie E. Bonsal Sanderford would be presumed to have notice of such adverse claim?

Pursuant to Tex.R.Civ.P. 277, "[t]he court may submit an issue disjunctively where it is apparent from the evidence that one or the other of the conditions or facts inquired about necessarily exists." Even if the proffered issue had not been disjunctively worded, the trial court would not have erred in refusing to submit it. Notice is but one phase of the issue of adverse possession, and a case will not be reversed because of the failure to submit other and various phases or different shades of the same issue. Tex.R.Civ.P. 279. The court's charge to the jury explained "notice" and made it a prerequisite to a finding of adverse possession. We find no error in the court's refusal to submit the proffered special issue. The first point is overruled.

■ Beets next assert that the trial court erred in refusing to give the following explanatory instruction to the jury:

You are further instructed in connection with this special issue that by the term 'adverse possession' as used in this charge is meant that in order to affect Mrs. Mamie E. Bonsal Sanderford, predecessor in title to defendants, Anneel R. Beets and Hughla F. Beets, with an adverse holding, if any, on the part of the plaintiff, Mrs. Ella Hickok must have been brought home to Mrs. Mamie E. Bonsal Sanderford, either by information to that effect given to Mrs. Mamie E. Bonsal Sanderford or by such acts or unequivocal notoriety in the assertion of such adverse and hostile claim, if any, as would be presumed to put a person of ordinary care and prudence, in the same situation as Mrs. Mamie E. Bonsal Sanderford was, and under the facts and circumstances in this case, upon notice that plaintiff, Mrs. Ella Hickok was claiming all title to the land as her own.

Tex.R.Civ.P. 277 gives the trial court considerable discretion to submit such explanatory instructions and definitions as shall be proper to enable the jury to render a verdict. The only function of an explanatory instruction is to aid and assist the jury in answering the issues submitted. *First State Bank & Tr. Co. v. George*, 519 S.W.2d 198, 207 (Tex.Civ.App.-Corpus Christi 1975, writ ref'd n.r.e.); *Union Oil Co. v. Richard*, 536 S.W.2d 955, 957 (Tex. Civ.App.-Beaumont 1975, no writ). The explanatory instruction given by the court was substantially correct and essentially the same as that requested by Beets.

1. Tex.Rev.Civ.Stat.Ann. arts. 5509, 5510, 5519 (Vernon 1958).

 Beets finally assert that the evidence adduced at trial is insufficient to support the jury's finding that Hickok had satisfied the requirements of the five, ten, and twenty-five year statutes of limitation. We do not agree. Enough evidence, both direct and circumstantial, was introduced at trial from which reasonable minds could infer a clear repudiation of the cotenancy by Hickok. *Vivitow v. Rupard,* 364 S.W.2d 286, 289 (Tex.Civ.App.-Dallas 1963, writ ref'd n.r.e.).

 As noted in Beets' brief, the decisive issue before the trial court was whether notice of Hickok's adverse possession was brought home to Sanderford. Although the record indicates that Hickok and her husband held the land exclusively, used it for cultivation and pasturing horses, and paid the taxes thereon, these facts alone would not have sufficed to give notice of adverse possession. *Horrocks v. Horrocks,* 608 S.W.2d 733, 736 (Tex.Civ. App.-Dallas 1980, no writ). The record shows, however, that Hickok had a duly recorded deed from her brothers purporting to convey title to the entire 24-acre tract to her in 1949. From these facts, notice of ouster could be presumed. *Bradshaw v. Holmes,* 246 S.W.2d 296, 301 (Tex. Civ.App.-Amarillo 1951, writ ref'd n.r.e.). Record of a conveyance by several cotenants to another cotenant purporting to convey the entire common property, when followed by possession, constitutes notice of repudiation and amounts to disseizin of the nonparticipating cotenant. *Republic Prod. Co. v. Lee,* 132 Tex. 254, 121 S.W.2d 973, 978 (1938).

Hickok's intent to claim the land as her own was also an indispensable element of her cause of action. *Hensz v. Linstaedt,* 501 S.W.2d 463, 465 (Tex.Civ.App.-Corpus Christi 1973, no writ). The record shows that Hickok sold two acres of the property in 1974, warranting that she conveyed good title. Hickok's testimony reflects that she claimed title to the entire tract. Beets introduced into evidence a letter from Hickok to Sanderford (written after the limitations period had run) which read in part as follows:

> Dear Sister, I want you to sign the deed, or whatever it is, because you are going to get one-fifth of my place and I will get to sell 16 acres of my land and keep the minerals, put the money in the bank and draw interest on it, and live off of it ...

Although this letter could have been construed as tending to show that Hickok's possession was not adverse, *Bruni v. Vidaurri,* 140 Tex. 138, 166 S.W.2d 81, 88 (1942), the jury could have discounted its probative value since Hickok testified that she had only repeated in the letter what her nephew had told her.

Weighing all of the evidence that was heard, we find that the jury had sufficient evidence to support the finding that Hickok obtained title to the disputed tract through adverse possession. The third point of error is overruled.

The judgment of the trial court is affirmed.