**James EVANS, Appellant,**

v.

**Roberta M. COVINGTON, Appellee.**

No. 6–90–017–CV.

Court of Appeals of Texas,
Texarkana.

July 17, 1990.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

James Evans appeals from an adverse judgment based on a jury verdict in his trespass to try title action against Roberta Covington. Evans claimed title by adverse possession.

In six points of error, Evans contends that the court erred by instructing the jury that Evans and Covington were cotenants; in allowing Covington's counsel to argue to the jury about the requirements concerning notice of adverse claim to cotenants; in admitting evidence of settlement negotiations; and in failing to set aside the verdict because of cumulative error and because the verdict is against the great weight and preponderance of the evidence. We overrule these points and affirm the judgment.

The parties stipulated that J.R. Scott was a common source of title. He purchased the property in 1941, while married to Fredina Pearl Scott. Scott died intestate in 1946 survived by Mrs. Scott and children from a previous marriage. Mrs. Scott lived on the property until 1968. In 1970, Evans purchased the undivided interests of several of Scott's children. In the fall of that year, Evans took possession of the property, had it surveyed, and enclosed it with a chain link fence. He has continuously possessed and used the property since that time.

On December 6, 1971, shortly before her death, Mrs. Scott conveyed her community interest in the property to Covington, reserving a life estate for herself.

In 1987, Evans sued Covington in trespass to try title based in part on adverse possession. Covington defended on the ground that as a cotenant, she was never ousted, so possession was not adverse to her. The jury found in favor of Covington in its answer to this question.

Do you find from a preponderance of the evidence that JAMES EVANS has held exclusive, peaceable and adverse possession of the land in question, cultivating, using or enjoying same for any

C.V. Flanary, Paris, for appellant.

J. Daniel Rodgers, Fort Worth, for appellee.

period of ten (10) consecutive years after October 2, 1970?

ANSWER: "yes" or "no"

ANSWER: No.

The court rendered judgment confirming Covington's fee simple title in one-half of the property subject to one-half of the expenses proven by Evans.

Evans first contends that the trial court erred by instructing the jury as follows:

You are further instructed that when you have co-owners, the possession to be adverse to the other owner, or owners, must be such acts as amount to an ouster of the other owner, or owners, amounting to a repudiation of their title, and must be of such an unequivocal nature and so distinctly hostile to the others' rights as to put them on notice that the intention to claim the others' property is clear and unmistakable.

Evans argues that he and Covington were neither co-heirs nor cotenants, and the instruction improperly required him to show acts amounting to an ouster or repudiation of Covington's title.

■ Where a party claims title under a deed which conveys an interest in an existing cotenancy relationship, he becomes a tenant in common with the other co-owners. *Bruni v. Vidaurri,* 140 Tex. 138, 166 S.W.2d 81, 86 (1942). Evans purchased the title of several of Mr. Scott's children. The surviving spouse and children of an intestate owner become co-owners of the community property. *Sparks v. Robertson,* 203 S.W.2d 622, 623 (Tex.Civ.App.—Austin 1947, writ ref'd); *see* TEX.PROB.CODE ANN. §§ 283, 284, 285 (Vernon 1980). Thus, when Evans purchased the undivided interests of the children after Mrs. Scott abandoned her homestead, he entered into an existing cotenancy.

An exception would apply if Evans had entered into possession as a trespasser before obtaining deeds from the co-owners. In that situation, he could "buy his peace" by securing deeds from owners of undivided interests without becoming a cotenant with the other co-owners. *Johnson v. Dickey,* 231 S.W.2d 952, 954–55 (Tex.Civ. App.—Austin 1950, writ ref'd n.r.e.), distin-

guishing *Meaders v. Moore,* 134 Tex. 127, 132 S.W.2d 256, 260 (Tex.Comm'n App. 1939, opinion adopted). Another exception would apply if Evans had procured conveyances which purported to convey the entire title to the land. *Republic Production Co. v. Lee,* 132 Tex. 254, 121 S.W.2d 973 (Tex. Comm'n App. 1938, opinion adopted); *Beets v. Hickok,* 701 S.W.2d 281 (Tex.App.—Tyler 1985, no writ).

■ The possession of a cotenant does not become adverse to the other cotenants unless notice is given that he was claiming the land adversely to the cotenants, or his acts in the assertion of the adverse claim are of such unequivocal notoriety as to charge them with such notice. *Bruni v. Vidaurri, supra.* This rule is based on the legal relationship between cotenants, in which each cotenant has a right to enter upon the common estate and a corollary right to possess and use the entire estate. *Byrom v. Pendley,* 717 S.W.2d 602, 605 (Tex.1986). Thus, possession by one cotenant is lawful, and it is not adverse to the other cotenants in the absence of some repudiation, notice of adverse claim or ouster. *Southern Pine Lumber Company v. Hart,* 161 Tex. 357, 340 S.W.2d 775 (1960).

There is no allegation or proof in this case that any of the exceptions noted above applies. Indeed, the uncontroverted evidence is to the contrary. The trial court therefore properly instructed the jury on cotenancy and the requirements for adverse possession in that circumstance.

Evans next contends that the trial court erred in allowing Covington's counsel to argue concerning the instruction about cotenancy. As the instruction was proper, argument concerning it was also proper.

Evans also contends that the court improperly admitted two letters into evidence. He argues that the letters are offers of settlement which are inadmissible under TEX.R.CIV.EVID. 408.

■ Generally, offers or negotiations for settlement between a plaintiff and a defendant are inadmissible. *Scurlock Oil Co. v. Smithwick,* 724 S.W.2d 1 (Tex.1986); *McGuire v. Commercial Union Insurance*

*Co. of N.Y.,* 431 S.W.2d 347 (Tex.1968). However, a party may not complain of error which he has invited, and a defendant is entitled to bring evidence of settlement negotiations before the jury where the plaintiff opens the door or volunteers similar evidence. *Simmons v. Capital Diesel & Industrial Machine Works, Inc.,* 380 S.W.2d 191 (Tex.Civ.App.–Amarillo 1964, writ ref'd n.r.e.); *Howell v. Bowden,* 368 S.W.2d 842 (Tex.Civ.App.–Dallas 1963, writ ref'd n.r.e.). One may not complain of improper evidence produced by the other side when he has introduced the same evidence or evidence of a similar character. *McInnes v. Yamaha Motor Corp., U.S.A.,* 673 S.W.2d 185, 188 (Tex.1984); *Pouncy v. Garner,* 626 S.W.2d 337, 340 (Tex.App.–Tyler 1981, writ ref'd n.r.e.); *Hughes v. State,* 302 S.W.2d 747, 750 (Tex.Civ.App.–Eastland 1957, writ ref'd n.r.e.).

Mrs. Covington was called as an adverse witness by Evans, and testified on direct examination as follows:

Q. Did you ever have any contact after that with Mr. James Evans?

A. Oh, I think—I can't remember much contact except we had some letters and then he offered to buy my part and I think he wrote me a letter.

. . . .

A. Mr. Farmer recommended him since I couldn't be here, that he could take care of my part for me because after I wouldn't sell my part and Mr. Evans wouldn't sell his part, well, I wanted it took care of.

Q. Mrs. Covington, are you telling this jury that Mr. Evans tried to buy your part, as he put it, of this property?

A. Uh-huh.

Q. When?

A. I've got a letter over there you wrote me that he offered me $750.00.

■ As evidence of the settlement negotiations was first introduced by Evans, any error was invited. Although the letters are more detailed than Covington's verbal rendition, the gist of their content was already before the jury. No error is shown.

■ Evans also contends that the verdict is against the great weight and preponderance of the evidence. His point of error expressly asserts error because the trial court overruled his motion for judgment notwithstanding the verdict. Judgment notwithstanding the verdict is only proper where the verdict is supported by no evidence or the issue is established as a matter of law. It is not proper where the verdict is against the great weight and preponderance of the evidence, *Pool v. Ford Motor Co.,* 715 S.W.2d 629 (Tex. 1986); *Douglass v. Panama, Inc.,* 504 S.W.2d 776 (Tex.1974), and a point complaining of a failure to grant a judgment notwithstanding the verdict is a "no evidence" point. Evans' argument under the point, however, is clearly a great weight one. Consequently, we will address the point as if it is a factual sufficiency point. *Pool v. Ford Motor Co., supra.* In reviewing the point, we examine all of the evidence in the record that is relevant to the fact being challenged. *Plas–Tex, Inc. v. U.S. Steel Corp.,* 772 S.W.2d 442 (Tex. 1989); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

■ Covington testified that she knew Evans had fenced and was using the property, but she considered that it was lawful since she understood he had purchased an undivided interest. She was not concerned about his use because she felt someone needed to care for the property. She denied that Evans ever told her he claimed all of the property. She said he told her he had bought out some of the heirs. In fact, she said that when she first spoke with Evans about the property and he told her he had bought it, she responded that "you own half of it maybe, but you don't own all of it because half of it is mine." Subsequent to this conversation, Evans tried on more than one occasion to purchase Covington's interest. Covington denied ever knowing that Evans was claiming to own the full interest. Evans testified that he told Covington that he had "bought" the place and "owned" it, and that he had used, improved, and possessed all of the land for some seventeen years.

In case of cotenancy, notice of repudiation must be shown by evidence that is clear, unequivocal and unmistakable. *Todd v. Bruner*, 365 S.W.2d 155 (Tex.1963). The evidence in this case is conflicting at most. That being the case, the jury was entitled to resolve the conflicts in the testimony and the evidence, and we cannot say that their finding is against the great weight and preponderance of the evidence.

Evans argues that his long possession of the property is sufficient to raise an inference that the adverse nature of it was brought home to Covington. It is true that actual notice of adverse claim may not be necessary when the cotenant's use and claim of title are so long continued, open, notorious, and exclusive as to raise an inference that notice has been brought to the attention of the cotenant, but it is only when those facts are inconsistent with the existence of title in others that such an inference will be raised. *Mills v. Vinson*, 342 S.W.2d 33 (Tex.Civ.App.—Texarkana 1960, writ ref'd n.r.e.). The jury could find here that Evans' acts and possession were not inconsistent with the existence of Covington's title and were therefore insufficient of themselves to communicate the adverse nature of his claim to Covington. Indeed, the jury could have found that Evans' attempts to deal with Covington and purchase her interest were acts consistent with and in recognition of her title. *See Singleton v. Southwestern Settlement & Development Corp.*, 322 S.W.2d 677 (Tex.Civ.App.—Beaumont 1959, no writ).

As we have found no error, Evans' point urging reversal for cumulative error is overruled.

For the reasons stated, the judgment is affirmed.