**Darcus Louise EDGEWORTH,
et vir., Appellants,**

v.

**Thomas L. WILSON, M.D., Appellee.**

No. 06–02–00010–CV.

Court of Appeals of Texas,
Texarkana.

Submitted July 10, 2003.

Decided July 30, 2003.

M. Mark Lesher, Monty G. Murry, Lesher & Murry, Texarkana, for appellant.

Matthew B.E. Hughes, Boston & Hughes, PC, Houston, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

On March 27, 1997, Darcus Louise Edgeworth underwent surgery to repair her bladder and to remove her ovaries. Dr. Thomas Wilson removed her ovaries, and Dr. Glen Rountree repaired her bladder. Approximately one month after the surgery, Edgeworth went to the emergency room with nausea, high fever, and intense pain in her abdomen. The emergency room physicians discovered an obstruction in Edgeworth's ureter, and she underwent a second operation to correct the problem. Edgeworth initially sued both Wilson and Rountree for causing the obstruction, but dismissed her suit against Rountree before trial. Edgeworth alleged Wilson negligently placed a stitch in her ureter during the first operation, which prevented the flow of urine and caused an infection. Wilson emphatically denied placing a stitch in the ureter and contended no such stitch was found during the second operation. Rather, Wilson contended the first operation was conducted properly, and the blockage of Edgeworth's ureter was an unavoidable natural complication associated with the first operation.

During the trial, Edgeworth introduced expert testimony from Dr. Bruce Halbridge. Halbridge testified that, based on his review of the operation notes and case file, Wilson negligently clamped the ureter in the same location the blockage occurred.

In response, Wilson introduced a diagram drawn by Rountree depicting Edgeworth's kidneys, bladder, and ureter at the time of the second operation and containing a darkened area on a portion of the ureter. Wilson testified that, in his interpretation, the darkened area of the diagram would represent where the blockage occurred. Wilson further testified he did not operate near the location of the ureter blockage.

Because Wilson introduced the diagram to show where he operated in comparison to where the blockage occurred, Edgeworth claimed the door had been opened to introduce a conversation Edgeworth and her daughter, Nancy Lynch, had with Rountree concerning the diagram. After the second operation, Rountree drew the diagram in the presence of Edgeworth and Lynch. Further, Edgeworth contends that Rountree told the two women the darkened area represented a stitch he found in the ureter and in his opinion, that

stitch was the cause of the obstruction and subsequent infection. Edgeworth attempted to introduce this hearsay evidence on three separate occasions: (1) during cross-examination of Wilson, (2) during Edgeworth's testimony, and (3) during Lynch's testimony. The trial court excluded the conversation in each instance, and Edgeworth made three separate bills of exception to preserve appellate review.

From a final judgment in favor of Wilson, Edgeworth asserts on appeal the trial court erred by (1) excluding the Rountree conversation and (2) allowing defense counsel, on cross-examination of Edgeworth, to elicit testimony that she criticized her former physicians.

**Rountree's Conversation**

■ We turn first to the Rountree conversation. Edgeworth contends the conversation should have been admitted under Rule 107 of the Texas Rules of Evidence, because Wilson opened the door to its admission by submitting the Rountree diagram and interpreting it during his direct examination. *See* TEX.R. EVID. 107. Rule 107 provides, in pertinent part:

> When *part of* an act, declaration, conversation, writing or recorded statement is given in evidence by one party, the whole *on the same subject* may be inquired into by the other, and any other act, declaration, writing or recorded statement which is necessary to make it fully understood or to explain the same may also be given in evidence. . . .

TEX.R. EVID. 107 (emphasis added). We conclude the trial court was within its discretion in excluding the Rountree conver-

sation for two reasons: (1) all of the Rountree diagram and none of the Rountree conversation was put into evidence by Wilson, and (2) Wilson's submission and interpretation of the diagram was not "on the same subject" as the portions of the Rountree conversation Edgeworth wanted in evidence.

Before Rule 107 applies, "part of an act, declaration, conversation, writing or recorded statement" must have been given in evidence. Here, the full diagram was admitted, by stipulation of the parties. None of the Rountree conversation was offered.[1]

Rountree's diagram and Wilson's interpretation of it were offered by Wilson to demonstrate that the ureter blockage was not near where Wilson operated on Edgeworth and that, therefore, he could not have damaged Edgeworth's ureter with a clamp. On the other hand, Edgeworth wanted to have the contents of the Rountree conversation admitted into evidence to introduce new information, the purported location of an errant stitch in the ureter. We conclude those two purposes constitute different subjects. *See Patel v. State,* 856 S.W.2d 486, 490 (Tex.App.-Houston [1st Dist.] 1993, pet. ref'd) (memorandum first used to establish why appellant's credit card rejected; appellant tendered other memorandum contents to explain how he obtained vehicle; not on same subject).

■ The admission and exclusion of evidence is committed to the trial court's sound discretion. *Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394, 396 (Tex. 1989). A trial court abuses its discretion when it rules "without regard for any guid-

---

1. Certainly, the Rountree diagram, by its nature, invites one to guess about the contents of the Rountree conversation. Though it might be argued that the diagram's admission into evidence also gives in evidence "part of" the conversation, we find no authority applying Rule 107 to these or analogous facts, nor any reason to extend Rule 107 to them. *See* TEX.R. EVID. 107. During Wilson's interpretation of the Rountree diagram, Wilson and his counsel came close to the Rountree conversation, but stopped short of reporting any "part of" what Rountree supposedly said on that occasion.

ing rules or principles." *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 754 (Tex.1995). An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *State Bar of Tex. v. Evans*, 774 S.W.2d 656, 658 n. 5 (Tex.1989). Moreover, we will not reverse a trial court for an erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment. *See* Tex.R.App. P. 44.1; *Gee*, 765 S.W.2d at 396.

Edgeworth failed to meet both the "part of" and the "same subject" requirements of Rule 107. Thus, the trial court did not abuse its discretion by excluding the evidence.[2]

### Prior Complaints

■ Edgeworth also contends the trial court abused its discretion by allowing Wilson's attorney to question her about past complaints she had made about other physicians. To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. Tex.R.App. P. 33.1(a). If a party fails to do this, error is not preserved and the complaint is waived. *Williamson v. New Times, Inc.*, 980 S.W.2d 706, 711 (Tex.App.-Fort Worth 1998, no pet.). Further, a party should object every time inadmissible evidence is

offered; otherwise, any error in overruling a previous objection is cured. *Id.*

Edgeworth objected, on the basis of relevancy, to the first attempt by Wilson to elicit testimony of Edgeworth's prior complaints, and the trial court overruled the objection. Subsequently, without objection, Wilson elicited additional testimony about prior complaints by Edgeworth against a doctor. Any error caused by overruling Edgeworth's initial objection was cured by the additional testimony, and Edgeworth has failed to preserve error for appellate review.[3]

For the reasons stated, we affirm the judgment.

---

**2.** Arguing it was error to exclude the testimony, Edgeworth relies on *Evans v. Covington*, 795 S.W.2d 806, 809 (Tex.App.-Texarkana 1990, no writ). In *Covington*, Evans complained the trial court erred by admitting evidence of a settlement offer. Evans, however, introduced testimony from Covington, who was called as an adverse witness, concerning a settlement letter Evans had written, expressing a desire to offer her land in settlement of the dispute. *Id.* Subsequently, Covington introduced the details of the offer. This Court reasoned Evans could not complain of

improper evidence produced by Covington when Evans introduced the same evidence for the same purpose. *Id.* The present case, however, is distinguishable from *Covington*. In *Covington*, both the "part of" and the "same subject" parts of Rule 107 were met.

**3.** Even if Edgeworth had preserved error, this Court does not find from a review of the record that the admission of the complained-of testimony probably caused an erroneous judgment.