**Opinion issued June 30, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00430-CV

———————————

## OCTAVIO RIVERA, Appellant

## V.

## 786 TRANSPORTATION, LLC AND CARLOS CUCHILLA, Appellees

On Appeal from the 113th District Court
Harris County, Texas
Trial Court Case No. 2011-16425

## MEMORANDUM OPINION

Appellant, Octavio Rivera, challenges the trial court's take-nothing judgment, entered against him after a jury trial, in his suit for negligence against appellees, 786 Transportation, LLC ("Transport") and Carlos Cuchilla. In two

issues, Rivera contends that the trial court erred in admitting into evidence a statement contained in a police officer's report and the opinion testimony of the police officer.

We affirm.

## Background

In his petition, Rivera alleged that on March 17, 2010, while he was traveling in his car southbound near the 12,700 block of North Interstate 45, Cuchilla, who was driving an eighteen-wheel truck, "failed to maintain [a] single lane" and struck Rivera's car, causing him severe personal injuries. Cuchilla, operating his truck in a negligent manner, also failed to maintain reasonable speed and control, and he failed to "apply the brakes to his vehicle in a timely manner to avoid the collision." Rivera further alleged that Cuchilla, at the time of the collision, was acting "in the course and scope of his employment" with Transport and it was vicariously liable for Cuchilla's actions under the doctrine of respondeat superior. He also asserted that Transport was directly liable for negligence in its hiring, training, and supervision of Cuchilla. In their answer, Cuchilla and Transport generally denied Rivera's allegations, asserting that he had failed to control his speed, maintain a proper lookout, and timely take evasive action.

At trial, Rivera testified that on March 17, 2010, he was driving his car southbound on Interstate 45 on his way to work. He explained that he was

2

traveling in the "second lane," which allows drivers the option of continuing south on Interstate 45 or exiting onto Beltway 8, when he "felt . . . the trailer" of the "18-wheeler" in the lane next to him "hit" the driver's side of his car. Rivera asserted that he had not attempted to change lanes; rather, the truck had come into his lane. His car "went off to the right," hit a concrete retaining wall, and then came to a stop in the freeway "between the second and third lane[s]." Emergency Medical Service personnel took Rivera by ambulance to a hospital, where he was evaluated and released. He suffered pain in his back, shoulder, elbow, leg, and head. And Rivera underwent physical therapy from April to June 2010 and back surgery in 2011. He also noted that he has been driving without a driver's license for over fifteen years.

Cuchilla testified that at approximately 1:00 p.m. on March 17, 2010, while working for Transport, he was driving a Freightliner truck and pulling a partially-loaded, "fifty-three-foot reefer," which he explained is a refrigerated trailer, southbound on Interstate 45 toward Beltway 8 West. He noted that he had taken the same route "three times a week" for over two years, and, as he approached the exit for the Beltway, he was traveling in the "second lane because the first lane merged with the freeway." He asserted that he had "no reason" to change lanes. Initially, he saw Rivera's car ahead of him. Then, as he "tr[ied] to get to [the] ramp," he "heard the impact." Cuchilla did not see Rivera change lanes because

3

Rivera's "little" car was in his "blind spot." However, he heard Rivera's car hit his truck and saw it "hit the wall" at the Kuykendahl exit before stopping "in the middle of the freeway." Cuchilla admitted that, later that day, he falsified his driver log book regarding his location at the time of the collision because he "thought he [had] killed" Rivera.

Houston Police Department Officer V. Rogers testified that he went to the scene after the collision and talked with Rivera and Cuchilla. He took notes at the scene and filled out his report later that day. Rogers noted that he is not a certified accident reconstructionist, and he did not document any point of impact or skid marks. He explained that although he had noted in his report that "both vehicles were attempting to change lanes," he had "surmise[d]" that from the conversation he had with Rivera and Cuchilla at the scene. And it was "just a possible reason" that the collision "could have occurred." He acknowledged that he, in his report, did not indicate that Rivera had admitted to changing lanes.

The jury found that Rivera and Cuchilla were each fifty-percent at fault for causing the collision and Rivera take nothing by his claims. The trial court then entered its judgment in accordance with the jury's verdict.

**Standard of Review**

The decision to admit or exclude evidence lies within the sound discretion of the trial court. *Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 234

4

(Tex. 2007). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or without reference to guiding rules or principles. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). We will uphold a trial court's evidentiary ruling if any legitimate ground supports the ruling, even if the ground was not raised in the trial court. *Hooper v. Chittaluru*, 222 S.W.3d 103, 107 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). And we will not reverse an erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment or prevented a proper presentation of the appeal. *See* TEX. R. APP. P. 44.1(a); *see also* TEX. R. EVID. 103(a); *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

### Officer's Report

In his first issue, Rivera argues that the trial court erred in admitting into evidence at trial "certain parts of [Officer Rogers's] report," namely, his statement that "[b]oth vehicles were attempting to change lanes," because it constituted hearsay and an inadmissible expert opinion. Appellees assert that Rivera did not preserve this issue for review.

To preserve error when a trial court admits evidence, a party must make a timely and specific objection or a motion to strike and obtain a ruling. *See* TEX. R. APP. P. 33.1(a); TEX. R. EVID. 103(a). When a trial court hears an objection to offered evidence outside the presence of the jury and rules that such evidence be

admitted, the objection is deemed to apply to the evidence when later admitted before the jury without the necessity of repeating the objection. TEX. R. EVID. 103(b). A trial court's ruling on a motion in limine, however, preserves nothing for review, and a party, to preserve error, must object at trial when the evidence is offered. *See In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 760 (Tex. 2013); *Greenberg Traurig of N.Y., P.C. v. Moody*, 161 S.W.3d 56, 91 (Tex. App.— Houston [14th Dist.] 2004, no pet.).

Here, the record shows that before trial, Rivera submitted an exhibit list containing Officer Rogers's report, marked as exhibit number 31. The trial court, at a pre-trial hearing, considered appellees' motion in limine regarding the admission of the report as follows:

[Appellees]: Well, here's—we might as well talk about the police report while we're here on this point because it goes to my objection to their police report that they've offered. Now, what—I want the entire police report into evidence, not just bits and pieces of it. [Rivera has] redacted a substantial amount and critical portions of the police report, and that's why we need to address that.

[Trial Court]: Yeah.

[Appellees]: The officer has—the pieces that [Rivera] wanted to redact or has redacted have to do with the officer's views and contributing factors based upon his having been there, investigated the accident and talked to both of the individuals. I don't think that you can just arbitrarily cut that out of the police report. There's

6

support under the holding of McRae versus Echols that if there's not any evidence in the case showing that there's anything unreliable in the report, then the entire report comes in.

[Trial Court]:    Well, in this case, does the officer reach conclusions in his reports sort of—you know, is he a reconstructionist? Is that what he's trying to do in his comments in his report, or is he just reporting his own observations? That's really the critical issue, I think.

[Appellees]:    Well, first of all, the officer has not been deposed. No. 2, you'll see in the report where he spoke to both drivers. [Rivera] testified in his deposition that he spoke to the officer, couldn't remember talking to him but ultimately said he did talk to him. Well, then, in the report, it comes down to—the officer says that both drivers were making a lane change. And that's what this case is about. It's a disputed lane change. Counsel wants to redact that portion of the narrative where the officer is basically assigning responsibility for both drivers.

[Trial Court]:    Okay.

[Rivera]:    The reason we redacted it is that it's hearsay not subject to any exception. You know, if the officer has not been proved up as an accident reconstructionist, then his opinions on who may have caused the accident or who moved into whose lane are unreliable and—

[Trial Court]:    And then what about the statement . . . made by a second driver or something like that.

. . . .

[Rivera]:    That's basically it.

7

[Trial Court]:   So you want that part in, but you want the officer's opinion out?  I mean, it's either all hearsay or it's not.

[Rivera]:   Well, no.  The second statement on the back page is an admission by a party opponent, and that's sort of—

[Trial Court]:   Is that clear in the report?

[Rivera]:   We believe it's clear in the context of the report, absolutely—

[Trial Court]:   Okay.

[Rivera]:   —in the context of the report versus—

[Trial Court]:   That's the problem.

. . . .

[Rivera]:   Your Honor, the fact that this officer is not considered an accident reconstructionist makes his opinion—you cannot have his opinion on the police report if he's not an accident reconstructionist.  He hasn't been proved up as an accident reconstructionist.  And all the laws in the [S]tate of Texas say[] that for his ultimate opinion on the police report to go forward to the jury, he has to be an accident reconstructionist; and he's not.

[Appellees]:   That's absolutely not the law.  The holding in the McRae/Echols case . . . says that if the contents and the opinions found within . . . the police report are deemed to be reliable and trustworthy, the entire contents of the report comes in; and I don't think that [Rivera] can have it one way and not the other. I think the entire report comes in.

[Trial Court]:   Okay. May I see the entire report?  And I'm not going to rule on that right now, so—Is this going to be the exhibit you propose to offer?

8

[Rivera]:        No. That is the unredacted copy. I can—

[Appellees]:     Here's the redacted copy.

[Trial Court]:   Okay.  That will be helpful, too.  So for now, I'm going to say before anyone offers this exhibit marked as Plaintiff's 31, do it in the usual manner if you're going to show it to a witness and then approach the bench before it's discussed. . . .

Later, during voir dire, prior to empaneling the jury, the following discussion took place:

[Rivera]:        Your Honor, the pending evidentiary issues—

[Trial Court]:   Right.  On the police report, it's either all in or it's all out.

[Rivera]:        I was able to find some case law that says that the courts of appeals are very split on this issue.

[Trial Court]:   And my ruling is:  It's either all in or it's all out.

Finally, during trial, the trial court admitted the report into evidence as follows:

[Rivera]:        Your Honor, I'd like to offer Exhibit 31 into evidence. It's already agreed on.

[Appellees]:     No objection, Your Honor, to 31.

[Trial Court]:   Thirty-one is admitted.

(Plaintiff's Exhibit No. 31 admitted)

[Trial Court]:   For clarification, this is the exhibit with no redactions?

9

[Rivera]: Other than the agreed-upon redactions, yes, Your Honor.

[Trial Court]: Is it? Okay.

[Appellees]: That's correct. We had some housekeeping matters on the original with certain redactions, but this is consistent with your ruling and our agreement.

[Trial Court]: Thank you. Go ahead.

Rivera asserts that the trial court's ruling that took place during voir dire preserved the issue for review. The record reveals, however, that the trial court, at the time of its ruling, was revisiting the prior discussion regarding appellees' motion in limine. And its ruling on appellees' motion in limine did not preserve error for our review. *See Toyota*, 407 S.W.3d at 760; *Ulogo v. Villanueva*, 177 S.W.3d 496, 500 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ("A trial court's ruling on a motion in limine is not a final ruling on the evidence and preserves no error for appellate review.").

Moreover, the record shows that Rivera himself offered the report containing the complained-of statements into evidence, and he affirmatively stated to the trial court, "It's already agreed on." And, when the trial court sought clarification regarding what report was being offered into evidence, and appellees explained that Officer Rogers's report was being offered in the form that the parties had agreed upon, Rivera did not object. "A party may not lead a trial court into error

10

and then complain about it on appeal." *Kelly v. Cunningham*, 848 S.W.2d 370, 371 (Tex. App.—Houston [1st Dist.] 1993, no writ). And Rivera affirmatively represented that he had agreed to the report as offered. *See Austin v. Weems*, 337 S.W.3d 415, 425 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (concluding plaintiff, by affirmatively stating no objection to admission of deputy's report, waived objection to deputy's point-of-impact opinion in report). Accordingly, we hold that Rivera waived his first issue for our review.

We overrule Rivera's first issue.

### Opinion Testimony

In his second issue, Rivera argues that the trial court erred in admitting Officer Rogers's opinion that both drivers had changed lanes because he was not qualified to render an opinion regarding causation.

To establish causation in a negligence suit, a plaintiff must prove that the defendant's conduct caused an event and the event caused the plaintiff to suffer compensable injuries. *Coastal Tankships, U.S.A., Inc. v. Anderson*, 87 S.W.3d 591, 603 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). Causation cannot be established by mere conjecture, guess, or speculation. *McClure v. Allied Stores of Tex., Inc.*, 608 S.W.2d 901, 903 (Tex. 1980). However, proximate cause may be established by direct or circumstantial evidence and the reasonable inferences that may be drawn from that evidence. *Id*. at 903–04.

11

Generally, police officers, based on their position as police officers alone, are not qualified to render opinions regarding causation in collision cases. *Lopez v. S. Pac. Transp. Co.*, 847 S.W.2d 330, 334 (Tex. App.—El Paso 1993, no writ). Police officers are qualified to testify regarding collision reconstruction if they are trained in the science and possess the high degree of knowledge sufficient to qualify as an expert. *Pilgrim's Pride Corp. v. Smoak*, 134 S.W.3d 880, 891 (Tex. App.—Texarkana 2004, pet. denied); *see* TEX. R. EVID. 702. Lay evidence may establish causation, however, "in those cases in which general experience and common sense will enable a layman to determine, with reasonable probability, the causal relationship between the event and the condition." *Jelinek v. Casas*, 328 S.W.3d 526, 533 (Tex. 2010); *see Smoak*, 134 S.W.3d at 893–94 (holding officer's lay opinion collision caused by defendant's unsafe lane change legally sufficient to support jury's finding defendant seventy-five percent at fault for collision). Lay testimony is admissible if it is "(a) rationally based on the witness's perception and (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue." TEX. R. EVID. 701.

Rivera specifically argues that because Officer Rogers testified that he was not a "qualified accident reconstructionist," he was not qualified to offer testimony that both drivers had changed lanes. The record reveals, however, that Rivera

12

called Officer Rogers to testify and, during his direct examination of Rogers, elicited the testimony of which he now complains, as follows:

> [Rivera]: Okay. Can you explain, I mean, if you know, if there was a reason why you would have put that both cars were—both vehicles were changing lanes into one another?
>
> [Rogers]: Well, that's just a possible reason what happened [sic], because in the accident report, if we [don't] have an outside witness who saw what happened then—in the accident form, it always requests what may have caused the accident; and that's just only an officer's or an investigator's opinion. It doesn't say—this is from what—the statements I got from both the parties, so I can just kind of surmise on what may have happened.
>
> [Rivera]: Okay. So you're saying that this drawing and your comments over here on the left would have been derived from whatever conversation you may have had with Mr. Rivera and Mr. Cuchilla at the scene?
>
> [Rogers]: That's correct.
>
> [Rivera]: Okay. . . .

Further, we note that Officer Rogers testified during cross-examination, without objection by Rivera, that "both vehicles [had attempted] to make a lane change." Rogers did acknowledge on re-direct that he, in his report, did not indicate that Rivera had admitted to having attempted to change lanes. However, Rogers again testified on re-cross, without objection by Rivera, that "both vehicles were attempting to change lanes."

13

A party may not complain on appeal that evidence was improperly admitted when that party elicited the evidence. *See Kenneth H. Hughes Interests, Inc. v. Westrup*, 879 S.W.2d 229, 239 (Tex. App.—Houston [1st Dist.] 1994, writ denied); *see Birchfield v. Texarkana Mem'l Hosp.*, 747 S.W.2d 361, 365 (Tex. 1987) (noting witness "was invited to err by defendant's counsel telling him to 'go right ahead' and explain an apparent inconsistency in his testimony"); *Evans v. Covington*, 795 S.W.2d 806, 809 (Tex. App.—Texarkana 1990, no writ) ("[A] party may not complain of error which he has invited."). Accordingly, we hold that Rivera has waived his second issue for our review.

We overrule Rivera's second issue.

## Conclusion

We affirm the judgment of the trial court.


Terry Jennings
Justice

Panel consists of Justices Jennings, Higley, and Huddle.